1  Peter G. McAllen (State Bar No. 107416)
   JONES DAY
2  555 S. Flower St., 50th Floor
   Los Angeles, CA 90071
3  Telephone:  (213) 489-3939
   Facsimile:   (213) 243-2539
4  E-mail:       pmcallen@jonesday.com

5  Tobias S. Keller  (State Bar No. 151445)
   JONES DAY
6  555 California Street, 26th Floor
   San Francisco, CA  94104-1500
7  Telephone:  (415) 626-3939
   Facsimile:   (415) 875-5700
8  E-mail:       tkeller@jonesday.com

9  Attorneys for Claimant
   PUBLIC UTILITY DISTRICT NO. 2 OF
10 GRANT COUNTY, WASHINGTON

11                  UNITED STATES BANKRUPTCY COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15

| In re: | Chapter 11 Case |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, | Bankr. Case No. 01-30923 DM |
| Debtor. | **PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON'S MOTION FOR (I) WITHDRAWAL OF REFERENCE OF PROOF OF CLAIM AND (II) TRANSFER OF VENUE THEREOF TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON** |
| Federal I.D. No. 9400742640 | |

1  Plaintiff Public Utility District No. 2 of Grant County Washington ("Grant"), through its undersigned counsel, hereby moves the United States District Court for the District of Northern California (the "California District Court") for an order (i) withdrawing the reference to liquidate proof of claim number 7864 filed by Grant (the "Grant Claim") against Pacific Gas and Electric Company, the above-captioned debtor (the "Debtor"), from the United States Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court") to the California District Court and (ii) transferring venue for the liquidation of the Grant Claim from the California District Court to the United States District Court for the Eastern District of Washington (the "Washington District Court"). As grounds for this Motion, Grant states as follows:

1.  On April 6, 2001, the Debtor filed for voluntary relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the California Bankruptcy Court. On or about August 31, 2001, Grant filed the Grant Claim in the Debtors' chapter 11 case in the amount of approximately $18 million, plus interest and costs, for electricity sold to the California Independent System Operator Corporation (the "ISO") on behalf of the Debtor and certain other utilities. On April 1, 2004, the California Bankruptcy Court entered an order extending the time for the Debtor to object to the Grant Claim until 90 days after the date on which the Grant Claim becomes an allowed claim pursuant to the Debtor's plan of reorganization (the "Plan of Reorganization"). The Plan of Reorganization provides that the allowed amount of the Grant Claim would be determined by the Federal Energy Regulatory Commission ("FERC") in certain refund proceedings at FERC (the "FERC Refund Proceedings").

2.  Grant had challenged FERC's jurisdiction over the transactions that formed the basis of the Grant Claim. On November 23, 2004, FERC ruled that the electricity sales at issue in the Grant Claim were subject to FERC jurisdiction and

are subject to price mitigation. *San Diego Gas & Elec. Co.*, 109 FERC ¶ 61,218 (Nov. 23, 2004) at ¶¶ 55-69; *see also* ¶¶ 70-72 (statements regarding the ISO's payment obligations with respect to such transactions). Grant appealed the November 23, 2004 FERC Order to the Ninth Circuit, where it remains pending.

3. Although the Ninth Circuit has not yet decided Grant's appeal regarding the FERC's November 23, 2003 Order, in a related appeal from the FERC Refund Proceedings, the Ninth Circuit recently concluded that governmental entities—such as Grant—are **not** in fact subject to the price mitigation authority of FERC. *See Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, 422 F.3d 908 (9th Cir. 2005), *petition for reh'g and reh'g en banc denied* in *Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, No. 02-70262, *et al.*, Order Re: Petition for Reh'g and Reh'g En Banc (Mar. 7, 2007). In light of this decision, the ultimate question of whether the electricity sales at issue in the Grant Claim may be subject to FERC's price mitigation authority has been resolved, and it is time for the Grant Claim to be resolved.

4. The most appropriate place for the Grant Claim to be liquidated is the Washington District Court, where Grant initiated a civil action more than three years ago against the ISO relating to the electricity sales at issue.[1] Grant recently amended its complaint in the Washington District Court to include the other utilities on whose behalf the electricity was sold to the ISO but was precluded from including the Debtor because of the discharge injunction set forth in the Plan of Reorganization. Grant seeks the relief sought in this Motion so that all the issues and parties relating to the electricity sales underlying the Grant Claim may be addressed in a single forum—the Washington District Court—by consolidating the Grant Claim with the action pending there.

---

[1] Grant is seeking to withdraw the reference and transfer venue solely to liquidate the allowed amount of the Grant Claim. The ultimate satisfaction of the allowed Grant Claim would remain subject to the terms and conditions of the Plan of Reorganization as confirmed by the California Bankruptcy Court.

1     WHEREFORE, Grant respectfully requests that the California District Court enter an order withdrawing the reference for the liquidation of the Grant Claim from the California Bankruptcy Court to the California District Court and transferring venue for the liquidation of the Grant Claim to the Washington District Court.

    Grant County's Motion is based upon this Motion, the Memorandum of Points and Authorities filed concurrently herewith, and upon all other papers on file herein.

Dated: June 7, 2007            Respectfully submitted,


By: /s/ Peter G. McAllen
     Peter G. McAllen, CA SB#107416

Attorneys for Claimant
PUBLIC UTILITY DISTRICT NO. 2 OF
GRANT COUNTY WASHINGTON