Peter G. McAllen (State Bar No. 107416)
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Telephone:     (213) 489-3939
Facsimile:      (213) 243-2539
E-mail:          pmcallen@jonesday.com

Tobias S. Keller  (State Bar No. 151445)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700
E-mail:          tkeller@jonesday.com

Attorneys for Plaintiff
PUBLIC UTILITY DISTRICT NO. 2 OF GRANT
COUNTY, WASHINGTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON<br><br>Plaintiff.<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Defendant. | Case No. C 07-03243 JSW<br><br>Chapter 11 Case<br><br>Bankr. Case No. 01-30923 DM<br><br>**DECLARATION OF PETER G. MCALLEN IN SUPPORT OF PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON'S MOTION FOR (I) WITHDRAWAL OF REFERENCE OF PROOF OF CLAIM AND (II) TRANSFER OF VENUE THEREOF TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON** |

LAI-2890136v1

**DECLARATION OF PETER G. MCALLEN**

1

## DECLARATION OF PETER G. McALLEN

2      I, Peter G. McAllen, do hereby declare,

3      1.      I am a member in good standing of the State Bar of California and am admitted to

4 practice before all courts of the State.  I am a partner at Jones Day, attorneys of record for

5 Defendant Public Utility District No. 2 of Grant County, Washington ("Grant") in the above-

6 entitled chapter 11 case.  I submit this Declaration in support of Grant's Motion for

7 (I) Withdrawal of the Reference of Proof of Claim and (II) Transfer of Venue Thereof to the

8 United States District Court for the Eastern District of Washington (docket no. 1).  I have

9 personal and first-hand knowledge of the facts set forth in this Declaration and, if called as a

10 witness, I could and would testify competently thereto.

11      2.      On April 22, 2004, Grant instituted an action against the California Independent

12 System Operator Corporation (the "ISO") in the United States District Court for the Eastern

13 District of Washington, seeking payment for the over $18 million worth of wholesale electric

14 energy that it sold to the ISO at the height of the California energy crisis in November and

15 December 2000.  *Public Util. Dist. No. 2 of Grant County, Washington v. California Indep. Sys.*

16 *Operator Corp.*, Case No. CV-04-129-JLQ (E.D. Wash., filed Apr. 22, 2004).  At the time Grant

17 filed that action, the ISO had never identified the specific principals on whose behalf it was acting

18 as agent when it purchased electric energy from Grant.

19      3.      Shortly after Grant initiated the action against the ISO in the Eastern District of

20 Washington, Grant and the ISO jointly moved to stay those proceedings, pending a determination

21 from the Federal Energy Regulatory Commission ("FERC") regarding whether Grant's sales of

22 wholesale electric energy to the ISO in November and December 2000 were subject to FERC

23 jurisdiction and refund liability under a price mitigation plan then being devised by the FERC.

24 Although the FERC did ultimately issue its Order on November 23, 2004, Grant appealed that

25 Order to the United States Court of Appeals for the Ninth Circuit.  Accordingly, pursuant to

26 further stipulation of the parties and court order, the Eastern District of Washington action

27 remained stayed.  Attached as Exhibit A is a true and correct copy of the December 29, 2004

28 Order staying the action in the Eastern District of Washington.

1

1    4.    On December 2, 2005, Pacific Gas and Electric (the "Debtor"), Southern

2 California Edison Company ("SCE"), and San Diego Gas & Electric Company ("SDG&E")

3 (collectively, the "California Utilities") served a "Claim for Damages" on Grant, claiming

4 entitlement to purported "refunds" for the electric energy that Grant sold to the ISO.  Attached

5 hereto as Exhibit B is a true and correct copy of the California Utilities' "Claim for Damages."

6    5.    On March 1, 2006, Grant brought a motion to temporarily lift the stay in the

7 Eastern District of Washington action for the limited purpose of filing a First Amended

8 Complaint and joining SCE and SDG&E as defendants.

9    6.    On March 28, 2006, the Eastern District of Washington court granted Grant's

10 motion to temporarily lift the stay, and deemed Grant's First Amended Complaint filed therein.

11 Attached hereto as Exhibits C and D, respectively, are true and correct copies of the Eastern

12 District of Washington's Order lifting the stay for the limited purpose of allowing Grant to file its

13 First Amended Complaint, and the First Amended Complaint that was deemed filed by Grant on

14 March 28, 2006 in *Public Util. Dist. No. 2 of Grant County, Washington v. California Indep. Sys.*

15 *Operator Corp.*, Case No. CV-04-129-JLQ (E.D. Wash., filed Apr. 22, 2004).

16    7.    On June 7, 2007, Grant filed a motion in the Washington District Court seeking to

17 lift the stay and to proceed with the lawsuit there.  Attached hereto as Exhibit E is a true and

18 correct copy of that motion and supporting memorandum of points and authorities.  On July 26,

19 2007, the Washington District Court granted that motion, finding no need to further delay the

20 action in light of the Ninth Circuit's decision in *Bonneville Power Admin. v. Fed. Energy*

21 *Regulatory Comm'n*, 422 F.3d 908 (9th Cir. 2005).  Attached hereto as Exhibit F is a true and

22 correct copy of that order.

23    8.    While the Debtor is among the formerly undisclosed principals that are liable for

24 the ISO's debt, the Debtor was not named as a defendant in the Eastern District of Washington

25 litigation.  The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy

26 Code on April 6, 2001 in the United States Bankruptcy Court for the Northern District of

27 California (the "California Bankruptcy Court").  On or about August 31, 2001, Grant timely filed

28 proof of claim number 7864 (the "Grant Claim") in the Debtor's chapter 11 case on account of

-2-

**DECLARATION OF PETER G. MCALLEN**

the electricity sold to the ISO on behalf of the Debtor and the other California Utilities.  Attached hereto as Exhibit G is a true and correct copy of the Grant Claim. On December 22, 2003, the California Bankruptcy Court entered an order confirming the Debtors' Plan of Reorganization (the "Plan of Reorganization").  Attached hereto as Exhibit H is a true and correct copy of the Plan of Reorganization.

9.      Sections 9.5 and 9.6 of the Plan of Reorganization contain discharge and injunction provisions that prohibit any party from commencing or continuing any action with respect to any claim that arose prior to the Debtor's bankruptcy, other than in accordance with the terms of the Plan of Reorganization.  This discharge injunction prohibited Grant from directly naming the Debtor as a defendant in the Eastern District of Washington District proceeding, but Grant still was free to pursue the Grant Claim in the California Bankruptcy Court.

10.      To date, the California Bankruptcy Court has not taken any action with respect to the Grant Claim.  On February 6, 2004, the Debtor filed a motion with the California Bankruptcy Court seeking to extend the time for the Debtor to object to the Grant Claim and certain other claims.  Attached hereto as Exhibit I is a true and correct copy of that motion.  Specifically, the Debtor sought to extend the time to object to the "ISO, PX and Generator Claims," including the Grant Claim, until such time as the claims become allowed under the terms of the Plan of Reorganization.[1]  The Debtor justified this extension on the grounds that virtually all of the issues that would be subject to the Debtor's objection to the ISO, PX and Generator Claims would be resolved through FERC's ruling in the refund proceedings pending at FERC.  Grant objected to the requested extension because it believed that FERC did not have jurisdiction over the Grant Claim.  Attached hereto as Exhibit J is a true and correct copy of Grant's objection.

11.      Because the Ninth Circuit had not yet ruled at the time with respect to FERC's jurisdiction, Grant consented to the entry of an order (the "Claim Extension Order") by the California Bankruptcy Court on April 1, 2004 extending the time for the Debtor to object to the

---

[1] ISO, PX and Generator Claims are defined in the Plan of Reorganization as claims "against the Debtor arising from amounts due to the ISO, PX and various power generators based on the purchase of electricity or ancillary services by the Debtor in markets operated by the PX and the ISO."

**DECLARATION OF PETER G. MCALLEN**

1  ISO, PX and Generator Claims until 90 days after the ISO, PX and Generator Claims become

2  allowed pursuant to the Plan of Reorganization, although such objection to claims was to be

3  "solely so that their allowance or disallowance on the claims docket in [the Debtor's] Chapter 11

4  Case conforms to the Allowed amount of such Claims as determined by FERC in the FERC

5  Refund Proceedings."  Attached hereto as Exhibit K is a true and correct copy of the Claim

6  Extension Order.  In addition, Paragraph 13 of the Claim Extension Order specifically states that

7  the claim objection extension was without prejudice to the right of Grant to seek adjudication of

8  the Grant Claim without regard to the pendency or status of the FERC Refund Proceedings as to

9  any other creditor.

10         12.     To date, the Grant Claim remains inactive in the California Bankruptcy Court.

11         13.     On March 16, 2006, the Debtor, SCE, and the California Electricity Oversight

12  Board (the "California EOB") commenced an action in the United States District Court for the

13  Eastern District of California.  SDG&E filed a nearly identical complaint on March 21, 2006.

14  Attached hereto as Exhibits L and M, respectively, are true and correct copies of the PG&E

15  Complaint and SDG&E Complaint.

16         14.     On March 16, 2007, the United States District Court for the Eastern District of

17  California dismissed the federal complaints for lack of federal question jurisdiction on the

18  grounds that plaintiffs' claims were essentially rooted in state contract law.  Attached hereto as

19  Exhibit N is a copy of the Judgment and Order dismissing those claims.

20         15.     Shortly thereafter, on April 9, 2007, the California Utilities and the California

21  EOB filed a virtually identical complaint in the Superior Court of California for the County of

22  Los Angeles.  *Pacific Gas and Electric Co. v. Arizona Electric Power Cooperative, Inc.,* Case

23  No. BC369141 (filed April 9, 2007).  Attached hereto as Exhibit O is a true and correct copy of

24  that complaint.

25         16.     On August 3, 2007, Grant is filing motions to (i) sever and stay the California

26  action as to Grant in favor of the prior action in the Washington District Court, and (ii) quash

27  summons for lack of personal jurisdiction.  Pursuant to a briefing and hearing scheduling order

28  entered by the California state court, those motions will be briefed in August and

-4-

**DECLARATION OF PETER G. MCALLEN**

1   September 2007, with a hearing on September 21, 2007.  Attached hereto as Exhibit P is a true

2   and correct copy of that scheduling order.

3            Executed this 3rd day of August, 2007 in Los Angeles, California.

4

5                                                         /s/ Peter G. McAllen
                                                         Peter G. McAllen
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                         **DECLARATION OF PETER G. MCALLEN**