**EXHIBIT D**

1  Ray A. Foianini (State Bar No. 7994)
   Foianini Law Offices
2  109 Division Avenue West
   [P.O. Box 908]
3  Ephrata, Washington 98823
   Telephone: (509) 754-3591
4  Facsimile: (509) 754-5076

5  Peter G. McAllen (Cal. Bar No. 107416)
   (Admitted *Pro Hac Vice*)
6  JONES DAY
   555 S. Flower St., 50th Floor
7  Los Angeles, CA 90071
   Telephone: (213) 489-3939
8  Facsimile: (213) 243-2539

9  Attorneys for Plaintiff
   PUBLIC UTILITY DISTRICT NO. 2 OF
10 GRANT COUNTY WASHINGTON

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF WASHINGTON

13

14 PUBLIC UTILITY DISTRICT NO. 2          Case No. CV-04-129 JLQ
   OF GRANT COUNTY
15 WASHINGTON,                            **FIRST AMENDED COMPLAINT
                                          FOR:**
16              Plaintiff,
                                          **(1) BREACH OF CONTRACT
17      v.                                    UNDER THE UCC;**
                                          **(2) OPEN BOOK ACCOUNT;**
18 CALIFORNIA INDEPENDENT                 **(3) BREACH OF ORAL
   SYSTEM OPERATOR                            CONTRACT**
19 CORPORATION, SOUTHERN                   **(4) BREACH OF WRITTEN
   CALIFORNIA EDISON COMPANY,                 CONTRACT;**
20 and SAN DIEGO GAS & ELECTRIC           **(5) ANTICIPATORY BREACH OF
   COMPANY,                                   CONTRACT;**
21                                        **(6) GOODS SOLD AND
                Defendants.                   DELIVERED;**
22                                        **(7) UNJUST ENRICHMENT;**
                                          **(8) JUDICIAL DECLARATION OF
23                                            ENFORCEABLE OBLIGATION;
                                              and**
24                                        **(9) ACCOUNTING**

25                                        **DEMAND FOR JURY TRIAL**

26

27

28

FIRST AMENDED COMPLAINT – 1

1  Plaintiff Public Utility District No. 2 of Grant County Washington ("Grant

2  County") for its complaint against California Independent System Operator

3  Corporation ("CAISO"), Southern California Edison Company ("SCE"), and San

4  Diego Gas & Electric Company ("SDG&E") alleges as follows:

5                              **INTRODUCTION**

6      1.    By way of this action, Grant County seeks payment for over $18

7  million worth of electric energy that it sold to CAISO during the California energy

8  crisis in late 2000.

9      2.    Grant County is a public utility district that owns and operates certain

10  power plants in the State of Washington for the benefit of consumers of electric

11  energy in Grant County, Washington.  Grant County is connected to the interstate

12  power transmission grid and, from time to time, sells surplus electric energy

13  produced at its power plants to purchasers other than Grant County's own

14  consumers.

15     3.    At the height of the California electric energy crisis, during November

16  and December 2000, Grant County responded to a series of separate requests from

17  CAISO to sell specified quantities of electric energy to CAISO.  Pursuant to those

18  requests, Grant County sold and delivered to CAISO, through the interstate power

19  grid, over $18 million worth of electric energy, at prices agreed upon by CAISO

20  and Grant County.  At no time during the course of these transactions did CAISO

21  indicate or otherwise reveal that, in contracting with Grant County to purchase

22  electric energy, CAISO was acting as an agent for various undisclosed principals,

23  including SCE, SDG&E, and Pacific Gas and Electric Company ("PG&E")

24  (collectively, the "California Electric Companies").  Instead, these transactions

25  were presented to Grant County as bilateral agreements in which CAISO offered to

26  buy, and Grant County agreed to sell, electric energy.

27     4.    CAISO has made partial payments to Grant County on account of the

28  purchases made in November and December 2000, but, as of April 22, 2004, a

FIRST AMENDED COMPLAINT – 2

1    balance of $18,269,800.00 in principal plus interest remained due and owing. Since

2    that date, CAISO has made one further payment of $10,666.57 on March 28, 2005.

3    However, the majority of that balance remains unpaid, with a significant amount of

4    additional interest now accrued.

5        5.    CAISO has admitted, in a filing it made with the Federal Energy

6    Regulatory Commission ("FERC"), that it did in fact enter into these transactions

7    with Grant County and that Grant County has not been paid in full. However, in

8    that same filing, CAISO completely disavowed any obligation on its part,

9    contractual or otherwise, to pay for the electric energy it purchased from Grant

10   County. Instead, CAISO for the first time claimed that the contracts it entered into

11   for the purchase of electric energy were not for its own account, but were instead

12   entered into on behalf of various undisclosed principals. Moreover, CAISO

13   insisted that it is not responsible to Grant County and other sellers of electric energy

14   for non-payment by those principals.

15       6.    Recently, the California Electric Companies have come forward and

16   admitted that they purchased electric energy from Grant County through CAISO

17   during the energy crisis. By way of a letter dated December 2, 2005 and an

18   attached "Claim for Damages," the California Electric Companies announced their

19   intention to file a separate lawsuit against Grant County seeking a refund of some

20   portion of the rates charged by Grant County to CAISO for the electric energy that

21   was purchased—notwithstanding the fact that Grant County has not yet been paid

22   in full either by CAISO or by the California Electric Companies. Accordingly,

23   Grant County is informed and believes, and on that basis alleges, that the California

24   Electric Companies comprise some or all of the undisclosed principals upon whose

25   behalf CAISO entered into the contracts at issue in this lawsuit, and that they, along

26   with their agent CAISO, are jointly and severally liable to Grant County for that

27

28

FIRST AMENDED COMPLAINT – 3

Case 2:04-cv-00129-JLQ    Document 29    Filed 03/28/2006

1   portion of the outstanding balance that is attributable to purchases made by CAISO

2   on their behalf.[1]

3       7.    Grant County seeks a judicial declaration that CAISO, SCE, and

4   SDG&E are obligated to pay Grant County for the electric energy that was

5   purchased by CAISO, and a judgment in favor of Grant County for the outstanding

6   balance plus accrued pre and post-judgment interest.

7                    **JURISDICTION AND VENUE**

8       8.    Grant County is a municipal corporation duly organized and existing

9   under the laws of the State of Washington, with its principal place of business

10  located in the State of Washington at 30 C Street SW, P.O. Box 878, Ephrata WA

11  98823.

12      9.    Grant County is informed and believes, and on that basis alleges, that

13  CAISO is a nonprofit public benefit corporation duly organized and existing under

14  the laws of the State of California, with its principal place of business located in the

15  State of California at 151 Blue Ravine Road, Folsom, CA 95630.

16      10.   Grant County is informed and believes, and on that basis alleges, that

17  SCE is a corporation duly organized and existing under the laws of the State of

18  California, with its principal place of business located in the State of California at

19  2244 Walnut Grove Avenue, P.O. Box 800, Rosemead, CA 91770.

20      [1] Although PG&E is among the undisclosed principals that Grant County believes are liable

21  for CAISO's debt, PG&E is not named as a defendant herein. On April 6, 2001, PG&E filed a

22  voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, in the

23  United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). On

24  December 22, 2003, the Bankruptcy Court entered an order confirming the PG&E Plan of

25  Reorganization. Grant County is already the holder of a timely-filed, disputed, unliquidated claim in

26  the PG&E chapter 11 case that includes the amounts sought by Grant County in this lawsuit. While it

27  is anticipated that Grant County may, at a later date, seek to transfer the proceedings relating to its

28  proof of claim from the Bankruptcy Court to this Court, Grant County has not done so at this time.

FIRST AMENDED COMPLAINT – 4

11.   Grant County is informed and believes, and on that basis alleges, that SDG&E is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in the State of California at 8330 Century Park Court, San Diego, CA 92123.

12.   This Court has original jurisdiction under 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000).

13.   Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(a) in that under 28 U.S.C. § 1391(c), CAISO, SCE, and SDG&E are deemed to reside in the Eastern District of Washington and a substantial portion of the events or omissions giving rise to the causes of action alleged herein occurred in this District.

## FACTUAL BACKGROUND

### Grant County

14.   Grant County was established in 1938 as a consumer-owned utility. Today, Grant County owns and operates one of the nation's largest hydropower plant systems, with the capacity to generate nearly 2,000 megawatts of electric energy.

15.   Grant County provides retail electric energy to approximately 40,000 customers in Grant County, Washington.  However, because Grant County is connected to the interstate power transmission grid, it is also able to sell surplus electric energy produced at its power plants to purchasers other than Grant County's own consumers.

### CAISO and the California Electric Companies

16.   CAISO is responsible for operating the California wholesale power grid.  CAISO directs the flow of electricity along the long-distance, high voltage

FIRST AMENDED COMPLAINT – 5

29

1    power lines that connect California with neighboring states, and serves as a link
2    between the power plants and California utilities.

3        17.    CAISO is one of the entities charged with ensuring that California's
4    energy supply meets demand. During periods of greater demand, CAISO must rely
5    more heavily on out-of-state power generators to secure energy for California's
6    utilities, and ultimately California's consumers.

7        18.    The California Electric Companies rely on CAISO to supply electric
8    energy to meet the needs of their customers to the extent the California Electric
9    Companies do not procure sufficient resources to meet those needs.

10                   **The Grant County-CAISO Transactions**

11       19.    In or around November and December of 2000, the State of California
12    was experiencing an energy crisis.

13       20.    Between November 17, 2000 and December 13, 2000, CAISO,
14    through its representatives, made numerous calls to representatives of Grant County
15    requesting that Grant County sell its excess electric energy to CAISO.

16       21.    Between November 17, 2000 and December 13, 2000, Grant County
17    accepted CAISO's offers to buy electric energy.

18       22.    Between November 17, 2000 and December 13, 2000, CAISO made
19    multiple purchases of electric energy from Grant County, totaling twenty-three
20    thousand and seventy-nine megawatt-hours (23,079 MWh).

21       23.    The sales between CAISO and Grant County that occurred between
22    November 17, 2000 and December 13, 2000 were bilateral sales at negotiated
23    prices.

24       24.    Grant County delivered all of the electric energy that Grant County
25    sold to CAISO between November 17, 2000 and December 13, 2000 to the Mid-
26    Columbia Hub in the State of Washington and/or to the California-Oregon Border.
27    CAISO received all of the electric energy that Grant County sold to CAISO
28    between November 17, 2000 and December 13, 2000 at the Mid-Columbia Hub in

FIRST AMENDED COMPLAINT – 6

30

1   the State of Washington and/or at the California-Oregon Border. Arrangement for

2   further transportation was CAISO's responsibility.

3        25.   Grant County sent CAISO written invoices accurately reflecting

4   CAISO's purchases of electric energy from Grant County between November 17,

5   2000 and December 13, 2000. True and correct copies of those invoices are

6   attached hereto as Exhibits A and B. CAISO has never disputed the validity, or the

7   accuracy as to price and quantity, of Grant County's invoices. Instead, as more

8   fully alleged below, CAISO has, without objection, made partial payments to Grant

9   County from time to time on those invoices.

10        26.   Grant County has performed all conditions, covenants, and promises

11   required on its part to be performed in accordance with the terms and conditions of

12   its contracts with CAISO.

13        27.   CAISO has not paid Grant County the full amount due to Grant

14   County for electric energy that Grant County delivered to CAISO between

15   November 17, 2000 and December 13, 2000. Instead, as of April 22, 2004, CAISO

16   had paid only nine hundred and eleven thousand four hundred and eighty dollars

17   and fifty-eight cents ($911,480.58) to Grant County. That aggregate amount was

18   paid in intermittent payments commencing on or about February 5, 2001 and

19   continuing until on or about March 25, 2004. The amounts and dates of such

20   payments are set forth below:

21         February 5, 2001           $ 4,342.21*

22         February 9, 2001           53,190.73*

23         March 7, 2001            179,967.06*

24         March 7, 2001            380,811.85

25         March 9, 2001            13,386.30

26         March 23, 2001          46,672.86

27         April 11, 2001           909.45

28         April 30, 2001           428.38

Case 2:04-cv-00129-JLQ    Document 29    Filed 03/28/2006

| | | |
|---|---|---|
| 1 | January 7, 2002 | 493.21 |
| 2 | February 1, 2002 | 1,764.78 |
| 3 | February 6, 2002 | 20,624.96 |
| 4 | September 27, 2002 | 2,466.93 |
| 5 | October 9, 2002 | 929.92 |
| 6 | November 5, 2002 | 26.48 |
| 7 | November 6, 2003 | 184,522.63 |
| 8 | February 27, 2004 | 4,462.10 |
| 9 | March 25, 2004 | 16,480.73 |
| 10 | Total Payments | $ 911,480.58 |

11     * These have been applied to principal. All other payments have been

12     applied to accrued interest.

13        28.    As of April 22, 2004, CAISO still owed Grant County eighteen million

14  two hundred and sixty nine thousand eight hundred dollars ($18,269,800.00)

15  exclusive of interest. Since that date, CAISO has made one further payment of

16  $10,666.57 on March 28, 2005. However, the majority of that balance remains

17  unpaid, with a significant amount of additional interest now accrued.

18        29.    In *San Diego Gas & Electric Co. v. Sellers of Energy and Ancillary*

19  *Services Into Markets Operated by the California Independent System Operator*

20  *and the California Power Exchange*, Docket Nos., EL00-95-081, EL00-95-074,

21  EL00-95-086, EL00-98-069, EL00-98-062, EL00-98-073, before FERC ("FERC

22  Mitigation Proceeding"), CAISO admitted both that "CAISO contracted with Grant

23  County for energy..." and that Grant County "has not been paid in full" for that

24  electric energy. (*Motion of the California Independent System Operator*

25  *Corporation For Clarification of the Commission's Order on Rehearing Dated*

26  *October 16, 2003*, filed March 12, 2004, hereinafter "*Motion for Clarification*," at

27  pp. 3, 4.) However, as more fully alleged below, in that same motion, CAISO

28

FIRST AMENDED COMPLAINT – 8

32

1    disavowed any obligation to pay Grant County for the electric energy purchased.

2    (*Id.* at pp. 7, 9.)

3                              **The Undisclosed Principals**

4            30.    In its *Motion for Clarification*, CAISO contended that "CAISO only

5    contracts for energy on behalf of Scheduling Coordinators, not for its own account,

6    and that whenever a Scheduling Coordinator fails to pay its portion of the cost of

7    energy purchased by the CAISO on its behalf, the seller seeking payment has a

8    claim only against the Scheduling Coordinator and must pursue that Scheduling

9    Coordinator, even in bankruptcy proceedings, unless the CAISO agrees as an

10   accommodation to do so, pursuant to Section 11.20.1." (*Id.* at p. 7.) CAISO further

11   contended that "CAISO *only* contracts for energy pursuant to the authority in and

12   terms of its tariff. It matters not *from whom* the CAISO purchases energy, *nor*

13   *whether the seller happens to be a governmental entity whose rates the Commission*

14   *cannot regulate*; regardless of the seller's identity, those contracts are entered on

15   behalf of Scheduling Coordinators and not on the CAISO's own behalf. If a

16   Scheduling Coordinator fails to pay, the entity with a claim against that Scheduling

17   Coordinator is the seller, not the CAISO—and the seller's only claim is against that

18   Scheduling Coordinator, not the CAISO." (*Id.* at p. 9.)

19           31.    However, at no time during the parties' communications that occurred

20   between November 17, 2000 and December 13, 2000 did CAISO notify Grant

21   County that CAISO was acting as an agent for one or more principals in its

22   purchase transactions with Grant County. Further, at no time during the parties'

23   communications that occurred between November 17, 2000 and December 13,

24   2000, did Grant County know or have reason to know that CAISO was acting as an

25   agent for one or more principals in its purchase transactions with Grant County.

26           32.    On December 2, 2005, the California Electric Companies sent a letter

27   and "Claim for Damages" to the Grant County Commissioners acknowledging that

28

FIRST AMENDED COMPLAINT – 9

33

1   they purchased electric energy from Grant County through CAISO between

2   November 17, 2000 and December 13, 2000.

3         33.   On information and belief, Grant County alleges that the California

4   Electric Companies represent some or all of the undisclosed principals upon whose

5   behalf CAISO entered into the contracts with Grant County, and that they, along

6   with their agent CAISO, are jointly and severally liable to Grant County for some

7   portion of the outstanding balance that is due.

8   **The Grant County-CAISO Transactions Are Not Subject To FERC**

9   **Jurisdiction And Are Not Governed By The CAISO Tariff, Or Any Other**

10                            **Agreement**

11        34.   In the FERC Mitigation Proceeding, in an Order dated October 16,

12  2003, FERC ruled that FERC does not have jurisdiction over Grant County's sales

13  of electric energy to CAISO made between November 17, 2000 and December 13,

14  2000. No party in the FERC Mitigation Proceeding timely sought rehearing of the

15  decision on jurisdiction over Grant County. Because there was no timely request

16  for a rehearing of the October 16, 2003 Order regarding Grant County in the FERC

17  Mitigation Proceeding, the October 16, 2003 Order regarding Grant County is final

18  and not reviewable. *See e.g.* 16 U.S.C. 825l(a) (2002); *San Diego Gas & Elec. Co.*,

19  104 FERC ¶61,186, at P 5 (2003) ("the time period within which a party may file

20  an application for rehearing of a Commission order is statutorily established at 30

21  days by Section 313(a) of the FPA, and the Commission has no discretion to extend

22  that deadline."); *Boston Gas Co. v. FERC*, 575 F.2d 975, 977-79 (1st Cir. 1978).

23  Notwithstanding, the Commission subsequently issued further decisions purporting

24  to reconsider and in some respects reverse its October 16 Order, including with

25  respect to the issue of its jurisdiction over Grant County's electric energy sales to

26  CAISO. Those decisions are currently the subject of review proceedings at the

27  United States Court of Appeals for the Ninth Circuit.

28

FIRST AMENDED COMPLAINT – 10

Case 2:04-cv-00129-JLQ    Document 29    Filed 03/28/2006

35.    Grant County has not signed or otherwise agreed to a "Participating Generator Agreement" as the phrase is defined in the CAISO's Conformed Electric Tariff in connection with Grant County's sale of electric energy to CAISO between November 17, 2000 and December 13, 2000.

36.    Grant County is located outside the CAISO Control Area.

37.    The energy resources of Grant County are not subject to the CAISO's Dispatch instructions under Section 5.6.1 of the CAISO Tariff.

38.    Grant County's sales of electric energy to CAISO between November 17, 2000 and December 13, 2000 were not made under the CAISO Tariff centralized, single clearing price auction markets.

39.    Grant County has not signed or otherwise agreed to a "Scheduling Coordinator Agreement" in connection with Grant County's sale of electric energy to the CAISO between November 17, 2000 and December 13, 2000.

40.    Grant County has never agreed in any way to be bound by the terms and conditions of the CAISO Tariff.

## FIRST CAUSE OF ACTION

### (Breach of Contract Under Uniform Commercial Code
### Against All Defendants)

41.    Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

42.    Between November 17, 2000 and December 13, 2000, Grant County and CAISO entered into a series of contracts for the sale of electric energy, which are contracts for the sale of goods within the meaning of Division 2 of the Uniform Commercial Code.

43.    On information and belief, at all times during the negotiation and formation of these contracts, CAISO was acting on behalf of and as an agent for various undisclosed principals, including the California Electric Companies.

FIRST AMENDED COMPLAINT – 11

35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

44.    Grant County has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of these contracts.

45.    CAISO and the California Electric Companies have breached these contracts by not paying the full amount due to Grant County.

46.    As a result of CAISO's and the California Electric Companies' breach of these contracts, Grant County has been damaged.

## SECOND CAUSE OF ACTION

### (Open Book Account Against All Defendants)

47.    Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

48.    Between November 17, 2000 and December 13, 2000, CAISO became indebted to Grant County on an open book account for money due in the sum of eighteen million five hundred and seven thousand three hundred dollars ($18,507,300.00) for electric energy delivered by Grant County to CAISO at CAISO's special instance and request, and for which CAISO agreed to pay the above sum.

49.    On information and belief, at all times during these transactions for the purchase of electric energy, CAISO was acting on behalf of and as an agent for various undisclosed principals, including the California Electric Companies.

50.    The above sum has not been paid in full although a demand thereof has been made, and, as of April 22, 2004, there was due, owing and unpaid the sum of eighteen million two hundred and sixty nine thousand eight hundred dollars ($18,269,800.00), with pre and post-judgment interest thereon.  Since that date, CAISO has made one further payment of $10,666.57 on March 28, 2005. However, the majority of that balance remains unpaid, with a significant amount of additional interest now accrued.

FIRST AMENDED COMPLAINT – 12

## THIRD CAUSE OF ACTION

### (Breach of Oral Contract Against All Defendants)

51.   Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

52.   Between November 17, 2000 and December 13, 2000, CAISO, through its representatives, made numerous calls to representatives of Grant County requesting that Grant County sell its excess electric energy to CAISO.

53.   Between November 17, 2000 and December 13, 2000, Grant County orally accepted CAISO's offers to buy electric energy.

54.   On information and belief, at all times during the negotiation and formation of these oral contracts, CAISO was acting on behalf of and as an agent for various undisclosed principals, including the California Electric Companies.

55.   Grant County has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of these oral contracts.

56.   CAISO and the California Electric Companies have breached these oral contracts by not paying the full amount due to Grant County.

57.   As a result of CAISO's and the California Electric Companies' breach of these oral contracts, Grant County has been damaged.

## FOURTH CAUSE OF ACTION

### (Breach of Written Contract Against All Defendants)

58.   Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

59.   Between November 17, 2000 and December 13, 2000, CAISO entered into certain transactions for the purchase of electric energy from Grant County.

60.   Grant County delivered to CAISO a written invoice including all of the essential terms agreed upon for the sale of electric energy between Grant County

FIRST AMENDED COMPLAINT – 13

Case 2:04-cv-00129-JLQ    Document 29    Filed 03/28/2006

1    and CAISO for November, 2000. Attached hereto as Exhibit A is a true and correct

2    copy of this invoice.

3        61.    Grant County delivered to CAISO a second written invoice including

4    all of the terms agreed upon for the sale of electric energy between Grant County

5    and CAISO for December, 2000. Attached hereto as Exhibit B is a true and correct

6    copy of this invoice.

7        62.    CAISO did not object to the validity nor dispute the accuracy as to

8    price or quantity of the written invoices delivered to CAISO, and CAISO made

9    payments to Grant County pursuant to the terms set forth in the written invoices,

10   thereby accepting the terms set forth in those written invoices and creating written

11   contracts between Grant County and CAISO for the sale of electric energy.

12       63.    On information and belief, at all times during the negotiation and

13   formation of these written contracts, CAISO was acting on behalf of and as an

14   agent for various undisclosed principals, including the California Electric

15   Companies.

16       64.    Grant County has performed all conditions, covenants, and promises

17   required on its part to be performed in accordance with the terms and conditions of

18   these written contracts.

19       65.    CAISO and the California Electric Companies have breached these

20   written contracts by not paying the full amount due to Grant County.

21       66.    As a result of CAISO's and the California Electric Companies' breach

22   of these written contracts, Grant County has been damaged.

23              **FIFTH CAUSE OF ACTION**

24           **(Anticipatory Breach Against CAISO)**

25       67.    Grant County hereby incorporates and adopts by reference each and

26   every allegation in the preceding paragraphs as if fully set forth.

27       68.    Between November 17, 2000 and December 13, 2000, Grant County

28   and CAISO entered into contracts for the sale of electric energy.

FIRST AMENDED COMPLAINT – 14

69.    On or about March 12, 2004, CAISO, in its *Motion for Clarification* gave notice that CAISO would not perform the contracts and totally repudiated the contracts.

70.    CAISO's repudiation has not been retracted.

71.    At the time Grant County received CAISO's repudiation, Grant County had performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contracts.

72.    As a result of CAISO's repudiation and breach of its contracts with Grant County, Grant County has been damaged.

## SIXTH CAUSE OF ACTION

### (Goods Sold and Delivered Against All Defendants)

73.    Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

74.    Between November 17, 2000 and December 13, 2000, CAISO became indebted to Grant County in the sum of eighteen million five hundred and seven thousand three hundred dollars ($18,507,300.00) for electric energy sold and delivered to CAISO.

75.    Grant County has demanded payment from CAISO.

76.    As of April 22, 2004, CAISO had paid only the sum of nine hundred and eleven thousand four hundred and eighty dollars and fifty-eight cents ($911,480.58) to Grant County, leaving a balance due and owing of eighteen million two hundred and sixty nine thousand eight hundred dollars ($18,269,800.00), with pre and post-judgment interest thereon. Since that date, CAISO has made one further payment of $10,666.57 on March 28, 2005. However, the majority of that balance remains unpaid, with a significant amount of additional interest now accrued.

FIRST AMENDED COMPLAINT – 15

77.    On information and belief, at all times during these transactions for the sale and delivery of electric energy, CAISO was acting on behalf of and as an agent for various undisclosed principals, including the California Electric Companies.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment Against All Defendants)

78.    Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

79.    Between November 17, 2000 and December 13, 2000, Grant County delivered, and CAISO accepted eighteen million five hundred and seven thousand three hundred dollars ($18,507,300.00) worth of electric energy.

80.    On information and belief, at all times during the sale and delivery of electric energy from Grant County to CAISO, CAISO was acting on behalf of and as an agent for various undisclosed principals, including the California Electric Companies.

81.    On information and belief, CAISO passed on to its various undisclosed principals, and/or used for the benefit of its various undisclosed principals, all of the electric energy that Grant County delivered to CAISO with some or all of the electric energy being delivered to, and/or used for the benefit of, the California Electric Companies.

82.    As a result of Grant County's delivery of the electric energy to CAISO, and the ultimate delivery of such energy to the various undisclosed principals, and/or the use by CAISO of such energy for the benefit of its various undisclosed principals, a benefit was conferred by Grant County on CAISO and the undisclosed principals, including the California Electric Companies.

83.    On information and belief, since December 17, 2000, CAISO has received some money from the principals for whom CAISO was acting as an agent, a portion of which is due to Grant County and a portion of which has been disbursed to Grant County and other parties. However, as of April 22, 2004,

FIRST AMENDED COMPLAINT – 16

Case 2:04-cv-00129-JLQ    Document 29    Filed 03/28/2006

1  CAISO had paid only the sum of nine hundred and eleven thousand four hundred

2  and eighty dollars and fifty-eight cents ($911,480.58) to Grant County, leaving a

3  balance due and owing of eighteen million two hundred and sixty nine thousand

4  eight hundred dollars ($18,269,800.00), with interest thereon. Since that date,

5  CAISO has made one further payment of $10,666.57 on March 28, 2005.

6  However, the majority of that balance remains unpaid, with a significant amount of

7  additional interest now accrued.

8      84.    As a result of CAISO's and the California Electric Companies' failure

9  to pay Grant County in full for the electric energy that was delivered to CAISO by

10  Grant County, CAISO and the California Electric Companies have been unjustly

11  enriched and Grant County is therefore entitled to restitution.

12              **EIGHTH CAUSE OF ACTION**

13  **(Judicial Declaration of Enforceable Obligation Against All Defendants)**

14      85.    Grant County hereby incorporates and adopts by reference each and

15  every allegation in the preceding paragraphs as if fully set forth.

16      86.    Between November 17, 2000 and December 13, 2000, Grant County

17  sold and delivered electric energy to CAISO.

18      87.    Grant County has performed all conditions, covenants, and promises

19  required on its part to be performed.

20      88.    CAISO has disavowed any obligation to pay Grant County any money

21  for the electric energy sold and delivered by Grant County to CAISO between

22  November 17, 2000 and December 13, 2000.

23      89.    CAISO's disavowal of its obligation to pay the money owed to Grant

24  County in connection with its delivery of electric energy between November 17,

25  2000 and December 13, 2000 and the uncertainty created by CAISO's disavowal of

26  these obligations is causing Grant County damage.

27      90.    A justiciable controversy therefore exists between CAISO and Grant

28  County.

FIRST AMENDED COMPLAINT – 17

Case 2:04-cv-00129-JLQ     Document 29     Filed 03/28/2006

91.   Moreover, on information and belief, at all times during the relevant transactions, CAISO was acting on behalf of and as an agent for various undisclosed principals, including the California Electric Companies. As such, the California Electric Companies are jointly and severally obligated to pay Grant County for the electric energy purchased by CAISO on their behalf.

92.   In their December 2, 2005 letter and attached "Claim for Damages," the California Electric Companies have announced their intention to file a lawsuit against Grant County, seeking "reimbursement" from Grant County for the difference between the rates Grant County charged for its electric energy and the rates set by FERC for transactions that are governed by the CAISO tariffs (notwithstanding the fact that Grant County has not been paid most of the amounts due for its sales of energy to CAISO). This letter impliedly disavows any obligation by the California Electric Companies to pay Grant County the remaining balance for the delivery of electric energy between November 17, 2000 and December 13, 2000.

93.   The California Electric Companies' disavowal of their obligation to pay Grant County and the uncertainty created by the California Electric Companies' disavowal of these obligations is causing Grant County damage.

94.   A justiciable controversy therefore also exists between the California Electric Companies and Grant County.

## NINTH CAUSE OF ACTION

### (Accounting Against CAISO)

95.   Grant County hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs as if fully set forth.

96.   CAISO has alleged that at all times mentioned herein CAISO was the agent of various undisclosed principals and, in purchasing electric energy from Grant County between November 17, 2000 and December 13, 2000, was acting within the course and scope of such alleged agency.

FIRST AMENDED COMPLAINT – 18

42

1    97.    Between November 17, 2000 and December 13, 2000, CAISO became

2  indebted to Grant County in the sum of eighteen million five hundred and seven

3  thousand three hundred dollars ($18,507,300.00) for electric energy sold and

4  delivered to CAISO.

5    98.    Grant County has demanded payment from CAISO.

6    99.    As of April 22, 2004, CAISO had paid only the sum of nine hundred

7  and eleven thousand four hundred and eighty dollars and fifty-eight cents

8  ($911,480.58) to Grant County, leaving a balance due of eighteen million two

9  hundred and sixty nine thousand eight hundred dollars ($18,269,800.00), with

10  interest thereon.  Since that date, CAISO has made one further payment of

11  $10,666.57 on March 28, 2005.  However, the majority of that balance remains

12  unpaid, with a significant amount of additional interest now accrued.

13    100.    CAISO has disavowed any obligation to pay Grant County any money

14  for the electric energy sold and delivered by Grant County to CAISO between

15  November 17, 2000 and December 13, 2000, and has alleged that Grant County's

16  sole remedy to recover the money for the electric energy sold and delivered by

17  Grant County to CAISO is against the principals for whom CAISO was allegedly

18  acting as an agent.

19    101.    On information and belief, since December 17, 2000, CAISO has

20  received money from the various undisclosed principals, a portion of which is due

21  to Grant County and a portion of which has been disbursed to Grant County and

22  other parties.

23    102.    The identity of all of the alleged principals on whose behalf CAISO

24  purchased electric energy from Grant County between November 17, 2000 and

25  December 13, 2000 is unknown to Grant County.

26    103.    The amount of electric energy that CAISO purchased on behalf of each

27  alleged principal from Grant County between November 17, 2000 and December

28  13, 2000 is unknown to Grant County.

FIRST AMENDED COMPLAINT – 19

1    104.   The amount of money paid to CAISO by each of the alleged principals

2   for the purchases of electric energy from Grant County by CAISO between

3   November 17, 2000 and December 13, 2000 is unknown to Grant County.

4    105.   The amount of money due to Grant County from each of CAISO's

5   alleged principals for the purchases of electric energy from Grant County by

6   CAISO between November 17, 2000 and December 13, 2000 is unknown to Grant

7   County.

8    106.   The identity of each of CAISO's alleged principals, the amount of

9   electric energy that CAISO purchased on behalf of each such principal, the amount

10   of money due to Grant County from each of CAISO's alleged principals and the

11   amount of payments made by each of CAISO's alleged principals cannot be

12   ascertained by Grant County without an accounting of the identities of all such

13   principals, the respective amounts of electric energy CAISO purchased from Grant

14   County on behalf of each such principal, and CAISO's receipts and disbursements

15   with respect to such purchases.

16                          PRAYER FOR RELIEF

17       WHEREFORE, Grant County respectfully demands judgment:

18       1.    That Grant County be awarded general, incidental, consequential,

19   special, and compensatory damages according to proof, including pre and post-

20   judgment interest and costs.

21       2.    That Grant County be awarded restitution according to proof.

22       3.    For a judicial declaration that CAISO is obligated to pay Grant County

23   the balance that remains on the original sum of eighteen million five hundred and

24   seven thousand three hundred dollars ($18,507,300.00) plus interest for the electric

25   energy purchased by CAISO from Grant County between November 17, 2000 and

26   December 13, 2000.

27       4.    For a judicial declaration that the SCE and SDG&E are jointly and

28   severally obligated, with their agent CAISO, to pay Grant County that portion of

FIRST AMENDED COMPLAINT – 20

Case 2:04-cv-00129-JLQ   Document 29   Filed 03/28/2006

1  the remaining balance that is attributable to electric energy purchases made by

2  CAISO from Grant County between November 17, 2000 and December 13, 2000

3  on their behalf.

4       5.    For an accounting of CAISO's purchases, receipts and disbursements

5  to ascertain the amount of money owed to Grant County by each of CAISO's

6  alleged principals, including but not limited to the California Electric Companies.

7  Dated:  March 1, 2006             Respectfully submitted,

8

9

10                         By:

                           Peter G. McAllen, CA SB#107416

11                             (Admitted *Pro Hac Vice*)

12                           Attorneys for Plaintiff
                           PUBLIC UTILITY DISTRICT NO. 2

13                             OF GRANT COUNTY
                           WASHINGTON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT – 21

## DEMAND FOR JURY TRIAL

Plaintiff Grant County hereby demands trial by jury of all justiciable issues properly triable by a jury.

Dated: March 1, 2006

Respectfully submitted,

By: _____
 Peter G. McAllen, CA SB#107416
 (Admitted *Pro Hac Vice*)

Attorneys for Plaintiff
PUBLIC UTILITY DISTRICT NO. 2
OF GRANT COUNTY
WASHINGTON

DEMAND FOR JURY TRIAL – 22

# Public Utility District No. 2 of Grant County

Phone Number: (509) 754-0500

**INVOICE NUMBER**

**001211-10**

Invoice Date: 12/11/2000
Customer ID: CISO
A/R Account: 9114362

California ISO

**EXHIBIT A**

Remit to:

Public Utility District No. 2 of Grant County
P. O. Box 878
Ephrata, WA  98823-0878

Terms:  12/22/00

If your [ ] billing [ ] mailing address has changed please write new address above

Please return upper portion with remittance

✂                                              ✂

12/11/2000

Surplus Energy Sale-Secondary                    $237,500.00

ACH/Wire instructions
Bank of America
ABA No. 126000024
Account No. 25010109
Reference:  Grant County PUD #2

| | |
|---|---|
| Sub Total: | $237,500.00 |
| Retail Sales Tax: | $0.00 |
| Leasehold Tax: | $0.00 |
| Amount Due: | $237,500.00 |

-5-

Case 2:04-cv-00129-JLQ     Document 29     Filed 03/28/2006

# Public Utility District No. 2 of Grant County

### Phone Number: (509) 754-0500

INVOICE NUMBER

010110-09

Invoice Date:  01/10/2001
Customer ID:  CISO
A/R Account:  9114362

Remit to:

Brad Bouillon
California ISO
151 Blue Ravine Road
Folsom, CA 95630

Public Utility District No. 2 of Grant County
P. O. Box 878
Ephrata, WA  98823-0878

If your [ ] billing [ ] mailing address has changed please write new address above

Terms:  DUE 1/22/01

*Please return upper portion with remittance*

------------------------------------------------------------------------------

01/10/2001

Surplus Energy Sale-Secondary                                $18,269,600.00

# EXHIBIT B

ACH/Wire Instructions
Bank of America
ABA No. 125000024
Account No. 25010109
Reference:  Grant County PUD #2

Sub Total:        $18,269,600.00
Retail Sales Tax:          $0.00
Leasehold Tax:             $0.00

Amount Due:      $18,269,600.00

-9-

10