**EXHIBIT E**

1  Ray A. Foianini (WA State Bar No. 7994)
   Foianini Law Offices
2  120 First Avenue, N.W.
   [P.O. Box 908]
3  Ephrata, WA  98823
   Telephone: (509) 754-3591
4  Facsimile: (509) 754-5076

5  Peter G. McAllen (Cal. Bar No. 107416)
   (Admitted *Pro Hac Vice*)
6  JONES DAY
   555 S. Flower St., 50th Floor
7  Los Angeles, CA 90071
   Telephone: (213) 489-3939
8  Facsimile: (213) 243-2539

9  Attorneys for Plaintiff
   PUBLIC UTILITY DISTRICT NO. 2 OF
10 GRANT COUNTY WASHINGTON

11              UNITED STATES DISTRICT COURT

12             EASTERN DISTRICT OF WASHINGTON

13

14

15 PUBLIC UTILITY DISTRICT NO. 2 OF          Case No. CV-04-129 JLQ
   GRANT COUNTY WASHINGTON,
                                             **PLAINTIFF PUBLIC UTILITY**
16            Plaintiff,                     **DISTRICT NO. 2 OF GRANT**
                                             **COUNTY WASHINGTON'S**
17        v.                                 **MOTION TO LIFT STAY AND**
                                             **REQUEST TO REOPEN FILE**
18 CALIFORNIA INDEPENDENT
   SYSTEM OPERATOR CORPORATION,
19 SOUTHERN CALIFORNIA EDISON
   COMPANY, and SAN DIEGO GAS &
20 ELECTRIC COMPANY,

21            Defendants.

22

23        Plaintiff Public Utility District No. 2 of Grant County Washington ("Grant"),

24 through its undersigned counsel, hereby moves this Court for an order lifting the

25 stay that was entered in the above-captioned matter on June 17, 2004 and extended

26 on December 29, 2004, and ordering the administrative reopening of the case file.

27 As grounds for this Motion, Grant states as follows:

28

PLAINTIFF GRANT COUNTY'S
MOTION TO LIFT STAY -- 1
LAI-2871995v1

1      1.    On June 17, 2004, at the request of defendant California Independent

2  System Operator Corporation ("ISO") and Grant, the Court stayed these

3  proceedings pending a ruling by the Federal Energy Regulatory Commission

4  ("FERC") on the issue of whether Grant's sales of electric energy that are the

5  subject of the First Amended Complaint in this action are subject to the price

6  mitigation authority of FERC in *San Diego Gas & Electric Co. v. Sellers of Energy*

7  *and Ancillary Services into Markets Operated by the California Independent*

8  *System Operator and the California Power Exchange*, Docket Nos. EL00-95-087

9  and EL00-98-074.

10      2.    On November 23, 2004, FERC issued the ruling in anticipation of

11  which this action was stayed. Order on Rehearing, Docket Nos. EL00-95-100 and

12  EL00-98-088, 109 FERC ¶ 61,218 (Nov. 23, 2004). Among other things, FERC

13  ruled in its November 23, 2004 Order that the transactions at issue in this lawsuit

14  were subject to FERC jurisdiction and are subject to price mitigation. November

15  23, 2004 FERC Order at ¶¶ 55-69; *see also* ¶¶ 70-72 (statements regarding ISO's

16  payment obligations with respect to such transactions).

17      3.    On December 29, 2004, again at the request of the parties, the Court

18  issued an order further staying these proceedings while Grant sought review of

19  FERC's November 23, 2004 Order by petition to the United States Court of

20  Appeals for the Ninth Circuit.

21      4.    Although the Ninth Circuit has not yet decided Grant's appeal

22  regarding the FERC's November 23, 2004 Order, in a related appeal from the

23  FERC refund proceedings, the Ninth Circuit recently concluded that governmental

24  entities—such as Grant—are ***not*** in fact subject to the price mitigation authority of

25  FERC. *See Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, 422

26  F.3d 908 (9th Cir. 2005), *petition for reh'g and reh'g en banc denied* in *Bonneville*

27  *Power Admin. v. Fed. Energy Regulatory Comm'n*, No. 02-70262, *et al.*, Order Re:

28  Petition for Reh'g and Reh'g En Banc (Mar. 7, 2007). In light of this decision, the

PLAINTIFF GRANT COUNTY'S
MOTION TO LIFT STAY – 2
LAI-2871995v1

1    ultimate question of whether the sales at issue in this litigation may be subject to

2    FERC's price mitigation authority has been resolved and this action may now

3    proceed without risk that orders, judgments or decrees entered in this action will be

4    in conflict with, or be rendered moot by, decisions of FERC in the refund

5    proceedings.

6        5.    Grant has waited more than six years to be paid for its energy sales to

7    defendants, which occurred in November and December, 2000.  There is no

8    remaining justification for further delay.  Accordingly, the stay should now be lifted

9    so that this action can proceed to judgment and Grant can collect its payment.

10        WHEREFORE, Grant respectfully requests that this Court enter an order

11    lifting the further stay that was issued in these proceedings on December 29, 2004,

12    and ordering the administrative reopening of the case file.

13        Grant's Motion is based upon its Notice, this Motion and the Memorandum

14    of Points and Authorities filed concurrently herewith, the Proposed Order Lifting

15    Stay, and upon all other papers on file herein.

16

17    Dated:  June 7, 2007        Respectfully submitted,

18

19    By: /s/ Peter G. McAllen

20        Peter G. McAllen, CA SB#107416
       (Admitted *Pro Hac Vice*)

21        Attorney for Plaintiff Public Utility
       District No. 2 of Grant County,

22        Washington
       JONES DAY

23        555 S. Flower St., 50th Floor
       Los Angeles, CA 90071

24        Telephone: (213) 489-3939
       Facsimile: (213) 243-2539

25        E-mail:  pmcallen@jonesday.com

26

27

28

PLAINTIFF GRANT COUNTY'S
MOTION TO LIFT STAY – 3
LAI-2871995v1

1
2

## CERTIFICATE OF SERVICE

3
4

     I hereby certify that on June 7, 2007, I electronically filed the foregoing documents:

5
6

**PLAINTIFF PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO LIFT STAY AND REQUEST TO REOPEN FILE**

7
8

     with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

9
10
11
12

Ray A. Foianini                    Delbert D. Miller
FOIANINI LAW OFFICES               MILLER, BATEMAN LLP
Post Office Box 908                1426 Alaskan Way, Suite 301
Ephrata, Washington 98823          Seattle, Washington 98101

13
14

     and hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant:

15
16
17

Mary Anne Sullivan
HOGAN & HARTSON, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

18
19

     in addition, I have mailed courtesy copies to the following defendants who have not yet appeared:

20
21
22
23

Laura Lindgren, Esq.
HENNIGAN, BENNETT & DORMAN LLP
863 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(Attorneys for San Diego Gas & Electric
Company)

24
25
26

Jay E. Smith, Esq.
Lawrence Paul Riff, Esq.
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
(Attorneys for Southern CA Edison Co.)

27
28

LAI-2876245v1

1    I declare that I am employed in the office of a member of the bar of this court

2  at whose direction the service was made.

3    Executed on June 7, 2007, at Los Angeles, at Los Angeles, California.

4

5

6    Diane E. Finegan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

LAI-2876245v1

1  Ray A. Foianini (WA State Bar No. 7994)
   Foianini Law Offices
2  120 First Avenue, N.W.
   [P.O. Box 908]
3  Ephrata, WA  98823
   Telephone: (509) 754-3591
4  Facsimile: (509) 754-5076

5  Peter G. McAllen (Cal. Bar No. 107416)
   (Admitted *Pro Hac Vice*)
6  JONES DAY
   555 S. Flower St., 50th Floor
7  Los Angeles, CA 90071
   Telephone: (213) 489-3939
8  Facsimile: (213) 243-2539

9  Attorneys for Plaintiff
   PUBLIC UTILITY DISTRICT NO. 2 OF
10 GRANT COUNTY WASHINGTON

11

12                    UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF WASHINGTON

14

15 PUBLIC UTILITY DISTRICT NO. 2 OF      Case No. CV-04-129 JLQ
   GRANT COUNTY WASHINGTON,
16                                       **PLAINTIFF PUBLIC UTILITY
              Plaintiff,                 DISTRICT NO. 2 OF GRANT
17                                       COUNTY WASHINGTON'S
         v.                              MEMORANDUM OF POINTS
18                                       AND AUTHORITIES IN
   CALIFORNIA INDEPENDENT                SUPPORT OF MOTION TO
19 SYSTEM OPERATOR CORPORATION,          LIFT STAY AND REQUEST TO
   SOUTHERN CALIFORNIA EDISON            REOPEN FILE**
20 COMPANY, and SAN DIEGO GAS &
   ELECTRIC COMPANY,
21
              Defendants.
22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2    Plaintiff Public Utility District No. 2 of Grant County, Washington ("Grant")

3    has waited patiently while the Federal Energy Regulatory Commission ("FERC")

4    and the Ninth Circuit examined and reexamined whether Grant's sales of electric

5    energy to the California Independent System Operator Corporation ("ISO") over six

6    years ago, at the height of California's power crisis, might be subject to FERC's

7    price mitigation authority.  The Ninth Circuit has now conclusively determined that

8    FERC does not have jurisdiction over Grant's sales to ISO.  It is time for

9    defendants' delaying tactics to be stopped, and for this lawsuit to proceed.

10   **II.    STATEMENT OF FACTS**

11   **A.    The Grant-ISO Transactions**

12   Grant's claims in this action arise out of a series of transactions (the "Grant-

13   ISO Transactions") for the sale of wholesale electric energy that were initiated by

14   defendant ISO, on behalf of defendant Southern California Edison Company

15   ("SCE"), defendant San Diego Gas & Electric Company ("SDG&E"), and Pacific

16   Gas and Electric Company ("PG&E"), during November and December 2000.  In

17   total, SCE, SDG&E, and PG&E, through their agent, ISO, purchased in excess of

18   $18 million worth of wholesale electric energy from Grant.  To date, Grant has

19   been paid less than 5% of the amount owed for those purchases.

20   At the time Grant contracted with ISO and continuing for years thereafter,

21   ISO did not inform Grant that in the Grant-ISO Transactions ISO was acting as an

22   agent for several undisclosed principals.  Instead, the Grant-ISO Transactions were

23   presented as bilateral agreements in which ISO offered to buy, and Grant agreed to

24   sell, electric energy at individually negotiated prices.  Accordingly, when this

25   lawsuit was originally filed, ISO was the only named defendant.

26   ISO later disavowed its obligation to pay Grant, and informed Grant that it

27   had been acting as an agent for others.  Then, in a December 2, 2005 letter to the

28   Grant Commissioners and an attached "Claim for Damages," SCE, SDG&E, and

MEMORANDUM OF
POINTS AND AUTHORITIES
ISO MOTION TO LIFT STAY – 1
LAI-2871995v1

1    PG&E announced their intention to sue Grant for "refunds" (sic) for electric energy

2    that they purchased from Grant through ISO during the relevant time period (but for

3    most of which Grant has never been paid).  By this letter and Claim for Damages,

4    SCE, SDG&E, and PG&E effectively admitted that they are some or all of ISO's

5    formerly undisclosed principals in the Grant-ISO Transactions.  Accordingly,

6    defendants SCE and SDG&E were added to this action in the First Amended

7    Complaint, filed March 28, 2006.

8         Although PG&E is among the undisclosed principals that are liable for ISO's

9    debt, PG&E is not currently named as a defendant herein.  On April 6, 2001, PG&E

10   filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the

11   United States Bankruptcy Court for the Northern District of California (the

12   "Bankruptcy Court").  On December 22, 2003, the Bankruptcy Court confirmed the

13   PG&E Plan of Reorganization.  Grant holds a timely-filed unliquidated claim in the

14   PG&E chapter 11 case arising from the exact same transactions, and the same

15   unpaid amounts, that are the subject matter of this lawsuit.  Concurrently with the

16   filing of this Motion to Lift Stay, Grant is filing a motion in the District Court for

17   the Northern District of California, seeking to withdraw from the Bankruptcy Court

18   and transfer to this Court the proceedings on that proof of claim.

19        **B.     History Of The FERC Proceedings And The Stay In This Action.**

20        In 2000, FERC began an inquiry into the electric energy rates charged in the

21   markets operated by ISO and the California Power Exchange Corporation

22   ("CalPX") during California's electric energy crises in 2000 and 2001.  *See*

23   *generally San Diego Gas & Electric Co. v. Sellers of Energy and Ancillary Services*

24   *into Markets Operated by the California Independent System Operator and the*

25   *California Power Exchange*, *and Investigation of Practices of the California*

26   *Independent System Operator and the California Power Exchange*, Docket Nos.

27   EL00-95-000 and EL00-908-000, respectively (the "California Refund

28   Proceedings").  Grant is a party to the California Refund Proceedings.

MEMORANDUM OF
POINTS AND AUTHORITIES
ISO MOTION TO LIFT STAY – 2
LAI-2871995v1

1    As part of the California Refund Proceedings, FERC ordered that certain

2    transactions that occurred between October 2000 and June 2001 are subject to a

3    price mitigation plan. *See San Diego Gas & Elec. Co.*, 96 FERC ¶ 61,120 (2001)

4    (the "July 25, 2001 Order"), *order on clarification and reh'g*, 97 FERC ¶ 61,275

5    (2001) (the "December 19, 2001 Order").

6    In the July 25, 2001 and December 19, 2001 Orders, FERC held—

7    erroneously (*see* section II.C, *infra*)—that sales to governmental entities, such as

8    Grant (which under the Federal Power Act are not generally subject to FERC

9    jurisdiction) would be subject to the mitigation plan. The July 25, 2001 Order also

10    initiated an evidentiary proceeding to establish a record and determine the refunds

11    owed pursuant to the mitigation plan. On March 26, 2003, FERC issued an Order

12    on the evidentiary proceeding. *San Diego Gas & Elec. Co.*, 102 FERC ¶ 61,317

13    (2003) (the "March 26, 2003 Order"). Although Grant had attempted to show that

14    the Grant-ISO Transactions did not fit within the parameters of the mitigation

15    methodology, neither the Administrative Law Judge nor the Commission itself

16    addressed Grant's evidence or arguments. As a result, under the March 26, 2003

17    Order, the Grant-ISO Transactions were subjected to price mitigation even though

18    FERC had no factual basis to do so even under its erroneous jurisdictional theory.

19    Grant sought rehearing of the March 26, 2003 Order. *See San Diego Gas &*

20    *Elec. Co.*, Docket Nos. EL00-95-081 and EL00-98-069, Request for Rehearing of

21    Public Utility District No. 2 of Grant County, Washington (filed Apr. 24, 2003).

22    On October 16, 2003, FERC granted Grant's request for rehearing, and excluded

23    the Grant-ISO Transactions from its price mitigation orders. *San Diego Gas &*

24    *Elec. Co.*, 105 FERC ¶ 61,066, at ¶ 177 (2003) (the "October 16, 2003 Order"). No

25    party requested rehearing of the determinations in the October 16, 2003 Order

26    respecting the Grant-ISO Transactions.

27    On April 22, 2004, after the passage of time had seemingly made the

28    October 16, 2003 order final and unreviewable, Grant initiated this lawsuit against

MEMORANDUM OF
POINTS AND AUTHORITIES
ISO MOTION TO LIFT STAY – 3
LAI-2871995v1

1   ISO. *See* 16 U.S.C. § 825l(a) (FERC decisions become final and unreviewable if

2   no request for rehearing is filed within 30 days.)  Subsequently, however, FERC

3   reopened the issue, *sua sponte*. *See San Diego Gas & Elec. Co.*, 107 FERC

4   ¶ 61,165 at ¶¶ 81-87 (2004).  Accordingly, on June 16, 2004, Grant joined with ISO

5   in moving for a stay of these proceedings pending FERC's final decision on

6   whether the Grant-ISO Transactions were subject to FERC jurisdiction.  On June

7   17, 2004, this Court granted the requested stay.

8        FERC ultimately reversed its October 16, 2003 order, and on November 23,

9   2004 ruled (among other things) that the Grant-ISO Transactions were subject to

10  FERC's price mitigation authority.  *San Diego Gas & Elec. Co.*, 109 FERC ¶

11  61,218, ¶¶ 55-69, 70-72 (2004).

12       Grant sought review of FERC's November 23, 2004 Order by petition to the

13  United States Court of Appeals for the Ninth Circuit.  In the appeal, Grant and

14  others similarly situated contend that the FERC's November 23, 2004 Order

15  wrongly classified sales of the nature and type as those made by Grant as "out-of-

16  market" or "OOM" transactions, which are subject to the ISO tariffs and FERC's

17  price mitigation plan, rather than short-term, bilateral agreements, which are not.

18  This issue is unique to Grant and a handful of other energy sellers who are similarly

19  situated.  Grant's petition to the Ninth Circuit is still pending.

20       In light of Grant's Ninth Circuit appeal, this Court extended the stay herein

21  by an Order dated December 29, 2004.  With the exception of a temporary lifting of

22  the stay in March 2006 to allow Grant to file its First Amended Complaint to join

23  SCE and SDG&E as defendants, this action has remained stayed ever since.

24       **C.    The Ninth Circuit's *Bonneville* Decision.**

25       Grant's appeal at the Ninth Circuit is not the only appeal to come out of the

26  California Refund Proceedings.  In *Bonneville Power Admin. v. Fed. Energy*

27  *Regulatory Comm'n*, 422 F.3d 908 (9th Cir. 2005), the Ninth Circuit was asked to

28  decide—and indeed did decide—that governmental entities, such as Grant, are not

1   subject to FERC's refund authority. (The *Bonneville* appeal was taken from

2   FERC's July 25, 2001 and December 19, 2001 Orders discussed in Section II.B

3   above. *See supra*, at p. [3:5-9].)  Although Grant was not a party to the *Bonneville*

4   appeal, and the *Bonneville* decision did not expressly address the FERC's

5   November 23, 2004 Order, this decision nevertheless conclusively determined

6   that—regardless of whether Grant's sales were OOM sales or short-term, bilateral

7   transactions—Grant, as a governmental entity, is not subject to FERC's price

8   mitigation authority.

9           The Ninth Circuit did not mince words in rejecting FERC's assertion of

10  jurisdiction over governmental entities such as Grant.  In summarizing its holding,

11  the Court said this:

12          The FPA's requirement that all rates for wholesale sales of electric energy

13          must be "just and reasonable" – the basis of the refund orders – applies only

14          to "public utilities" and makes no reference, specific or otherwise, to non-

15          public utilities.  FPA § 205 (16 U.S.C. § 824d).  Similarly, FERC's authority

16          to investigate rates and to order refunds is limited to any rate collected by

17          "any public utility"; the statute carries no reference to non-public utilities.

18          FPA § 206 (16 U.S.C. § 824e).  The FPA also unambiguously states that the

19          provisions of subchapter II, which is the basis of FERC's refund authority, do

20          not apply to governmental entities "unless such provision makes specific

21          reference thereto."  FPA §  201(f) (16 U.S.C. § 824.(f)).  No reference is

22          found in the statute.  Consequently, we grant the petition and set aside

23          FERC's orders related to the 2000 and 2001 spot market to the extent the

24          orders subject the governmental entities and non-public utilities to FERC's

25          refund authority under FPA subchapter II.

26  422 F.3d at 911 (footnote omitted).  Later in the opinion, the Court reiterated the

27  broad statutory exemptions from FERC jurisdiction for governmental entities such

28  as Grant:

1      FERC's rate jurisdiction under § 205 and its refund jurisdiction under

2      § 206 expressly apply only to public utilities, again reinforcing the

3      definitional and scope provisions of the statutory scheme.  For example,

4      § 205's requirement that all rates for sales of electric energy must be "just

5      and reasonable" applies only to public utilities and includes no specific

6      reference to governmental entities as would be required to escape the broad

7      exemption in § 201(f). . . .

8      Notably, FERC's authority under §§ 206(a) and (b) to investigate rates

9      and to order refunds for unjust and unreasonable rates is limited to "any rate,

10     charge, or classification, demanded, observed, charged, or collected by *any*

11     *public utility* for any transmission or sale subject to the jurisdiction of the

12     Commission"; again, no specific reference is made to governmental entities

13     or non-public utilities.

14  *Id*. at 918 (emphasis in original; citations omitted).  The court's conclusion is

15  unambiguous:

16     [T]he retroactive imposition of a market price that effects a refund

17     responsibility is a regulatory action that falls outside of FERC's jurisdiction

18     with respect to non-public utilities and governmental entities. . . . In sum, the

19     text and structure of the FPA are unambiguous:  *Chevron* deference is not

20     due where FERC's authority to order refunds under § 206(b) is specifically

21     limited to "public utilities" and no explicit reference to governmental entities

22     is made in § 206(b), as required by § 201(f).

23  *Id*. at 920.

24      Although the Ninth Circuit decided *Bonneville* in September 2005, the so-

25  called "California Parties"[1] were able to stall issuance of the court's mandate for

26  almost two years.  *Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n,*

27      [1] The "California Parties" include defendants herein, the California Electric

28  Oversight Board and PG&E.

MEMORANDUM OF
POINTS AND AUTHORITIES
ISO MOTION TO LIFT STAY – 6
LAI-2871995v1

1   9th Cir. No. 02-70262, *et al.*, Judgment in Lieu of Mandate (Apr. 5, 2007)

2   (amended mandate issued May 10, 2007). In the interim, the Ninth Circuit granted

3   defendants herein two consecutive extensions of time to petition for rehearing. *See*

4   *e.g.*, *Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, No. 02-70262,

5   *et al.*, Order Denying California Parties' Motion to Extend Settlement Time-Out

6   Period in Bonneville, at p. 2 (Oct. 23, 2006) ("With respect to the Bonneville

7   decision, the court twice has extended the time for parties to file motions for

8   rehearing."). Those extensions finally ran out on November 13, 2006. *Id.* The

9   petitions for panel rehearing and rehearing *en banc* were both denied on March 7,

10  2007. *See Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, No. 02-

11  70262, *et al.*, Order Re: Petition for Reh'g and Reh'g *En Banc* (Mar. 7, 2007).

12  Finally, on March 28, 2007, the court denied the California Parties' motion to

13  further stay the issuance of the mandate. *See Bonneville Power Admin. v. Fed.*

14  *Energy Regulatory Comm'n*, No. 02-70262, *et al.*, Order Denying California

15  Parties' Motion to Stay the Mandate (Mar. 28, 2007).

16  ### D.    The California Contract Litigation

17  In the wake of the *Bonneville* decision, on March 16 and 21, 2006,

18  respectively, the California Parties filed a pair of lawsuits in the United States

19  District Court for the Eastern District of California against Grant and a number of

20  other governmental entities. As to Grant, the complaints in those lawsuits sought

21  "refunds" for the Grant-ISO Transactions. As to all of the other defendants, the

22  complaints sought refunds for other transactions that had nothing to do with Grant.

23  On March 16, 2007 the court dismissed both lawsuits for lack of federal question

24  jurisdiction. Shortly thereafter, on April 9, 2007, the California Parties filed a

25  virtually identical complaint against Grant and many of the same other defendants

26  in the Superior Court of California for the County of Los Angeles. As to Grant, this

27  new state-court complaint again seeks "refunds" for the Grant-ISO Transactions,

28  and, again, as to all other defendants it seeks "refunds" relating to other transactions

MEMORANDUM OF
POINTS AND AUTHORITIES
ISO MOTION TO LIFT STAY – 7
LAI-2871995v1

1  that have nothing to do with Grant.  Because the claims asserted against Grant in

2  that complaint are already the subject of this lawsuit, because Grant is not properly

3  joined in that lawsuit, and because Grant is not subject to personal jurisdiction in

4  California, Grant will shortly file motions (i) to abate the action as to Grant in favor

5  of this prior action, and (ii) to quash summons for lack of personal jurisdiction.

6  **III.  ARGUMENT**

7       Grant has waited far too long to be paid for the Grant-ISO Transactions.

8  Defendants have shown nearly boundless ingenuity in devising ways to postpone

9  the day of judgment, and Grant has been forced thus far to endure those delays.

10 With the issuance of the Ninth Circuit's mandate in *Bonneville*, however, there is

11 no sound reason to countenance any further delay.

12      In 2004, Grant reluctantly joined with defendant ISO in requesting that this

13 action be stayed.  The sole justification for the stay was the pendency of the FERC

14 refund proceedings and the Ninth Circuit's review thereof.  Had this action gone

15 forward, this Court would have been forced to consider whether the issues raised in

16 this action were more properly left for determination by FERC – exactly the same

17 question then being considered by FERC and the Ninth Circuit.  Duplication of

18 effort would have been a certainty, and conflicting determinations of the threshold

19 jurisdictional issues a serious possibility.  Grant has always been anxious to collect

20 payment for the Grant-ISO Transactions, but was not anxious to litigate the same

21 jurisdictional issue simultaneously – and wastefully—before two different

22 tribunals, nor was Grant anxious to litigate the merits of its collection claim

23 simultaneously before two different tribunals, nor before any tribunal that might

24 later be determined to have lacked jurisdiction.

25      These concerns no longer exist.  The Ninth Circuit's *Bonneville* decision, as

26 set forth above, establishes conclusively that FERC has no jurisdiction to address

27 the state law breach of contract issues raised in this lawsuit.  This action can move

28 forward without need to revisit the jurisdictional issue, and without risk that merits

1   determinations will duplicate, overlap, or conflict with rulings by FERC.  There is

2   no other reason to leave the stay in place.  It should be lifted so that this lawsuit can

3   proceed to judgment and Grant can finally collect its payment.

4        The pendency of the California contract litigation (*see* section II.D, *supra*)

5   does not present similar concerns, and does not justify a stay of this lawsuit.  The

6   merits issues between Grant, ISO and the California utilities are unlikely to be

7   reached in that lawsuit any time soon, if ever.  First, Grant is both (i) misjoined in

8   that action and (ii) not subject to personal jurisdiction in California, and accordingly

9   expects to be dismissed from the action on those grounds.  Second, ISO is not a

10  party to the California lawsuit.  Third, the California Parties already have sought a

11  stay of that lawsuit which, if granted, could remain in place for months or even

12  years.  To the extent, if any, that there is a risk of overlapping or conflicting

13  adjudications between the two actions, the "first-to-file" rule places a very heavy

14  thumb on the scale in favor of abating the California lawsuit and allowing this one

15  to proceed.  *See, e.g., Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*, 15

16  Cal. App. 4th 800 (1993) (affirming stay of state court proceedings in favor of

17  earlier-filed federal action involving substantially identical parties and affecting the

18  same subject matter).

19       It has long been recognized that "the power to stay proceedings is incidental

20  to the power inherent in every court to control the disposition of the causes on its

21  docket with economy of time and effort for itself, for counsel, and for litigants."

22  *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936); *Leyva v. Certified Grocers of*

23  *California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).  *A fortiori*, it is also within

24  the court's inherent power to lift such a stay where the interests of justice require.

25  *See e.g., King v. Olympic Pipe Line Co.*, 104 Wash. App. 338, 361 (Ct. App. 2000)

26  (acknowledging that a court "has the power to control all aspects" of a stay and

27  remains free to lift a stay if necessary).

28       In determining whether a stay should be lifted, the courts are guided by the

MEMORANDUM OF
POINTS AND AUTHORITIES
ISO MOTION TO LIFT STAY – 9
LAI-2871995v1

1   same considerations that inform a decision to issue a stay. *See e.g., Soler v. G&U,*

2   *Inc.*, 86 F.R.D. 524, 527 (S.D.N.Y. 1980). A court will examine the competing

3   interests that will be affected by lifting the stay, including the possible harm if the

4   stay is lifted, the hardship or inequity that a party may suffer if the stay remains in

5   place, and "the orderly course of justice measured in terms of the simplifying or

6   complicating of issues, proof, and questions of law...." *CMAX, Inc. v. Hall*, 300

7   F.2d 265, 268 (9th Cir. 1962); *see also United States v. Neumann Caribbean Int'l,*

8   *Ltd.* 750 F.2d 1422, 1427 (9th Cir. 1985) (judicial economy, efficiency, and the risk

9   of duplication of efforts are factors to be weighed in a decision regarding stay).

10  Here, all factors weigh in favor of lifting the stay.

11      Lifting the stay can cause no possible harm. As set forth above, the reasons

12  previously justifying the stay no longer exist. The desire of the defendants to

13  postpone the day of reckoning on Grant's claims may lead them to oppose lifting

14  the stay, but obviously it provides no sound reason to leave the stay in place.

15      On the other hand, if the stay is not lifted and Grant is not permitted to

16  proceed with its claims, Grant will be severely prejudiced. Grant filed this action

17  more than three years ago to recover the approximately $18 million debt that it is

18  owed by ISO and its formerly undisclosed principals, SCE, SDG&E and PG&E.

19  Now that the jurisdictional issues regarding Grant's sales have been resolved, there

20  is no justification for Grant to be denied its day in court any longer.

21  **IV.  CONCLUSION**

22      For all of the foregoing reasons, Grant respectfully requests that the Court lift

23  the stay in this matter and order the administrative reopening of the case file.

24  Dated: June 7, 2007                    Respectfully submitted,

25

26                                By: /s/ Peter G. McAllen, CA SB#107416
                                      (Admitted *Pro Hac Vice*)
27                                    ATTORNEY FOR PLAINTIFF
                                      PUBLIC UTILITY DISTRICT NO. 2
28                                    OF GRANT COUNTY,
                                      WASHINGTON

1

2

## CERTIFICATE OF SERVICE

3

4

        I hereby certify that on June 7, 2007, I electronically filed the foregoing documents:

5

6

**PLAINTIFF PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO LIFT STAY AND REQUEST TO REOPEN FILE**

7

8

        with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

9

10

11

Ray A. Foianini                           Delbert D. Miller
FOIANINI LAW OFFICES                      MILLER, BATEMAN LLP
Post Office Box 908                       1426 Alaskan Way, Suite 301
Ephrata, Washington 98823                 Seattle, Washington  98101

12

13

14

        and hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant:

15

16

17

Mary Anne Sullivan
HOGAN & HARTSON, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

18

19

        in addition, I have mailed courtesy copies to the following defendants who have not yet appeared:

20

21

22

23

Laura Lindgren, Esq.
HENNIGAN, BENNETT & DORMAN LLP
863 South Figueroa Street, Suite 2900
Los Angeles, California  90017
(Attorneys for San Diego Gas & Electric Company)

24

25

26

Jay E. Smith, Esq.
Lawrence Paul Riff, Esq.
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California  90071
(Attorneys for Southern CA Edison Co.)

27

28

PROOF OF SERVICE

LAI-2876245v1

1    I declare that I am employed in the office of a member of the bar of this court
2 at whose direction the service was made.
3    Executed on June 7, 2007, at Los Angeles, at Los Angeles, California.
4
5
6                                        Diane  E. Finegan
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

LAI-2876245v1