# EXHIBIT F

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION, SOUTHERN CALIFORNIA EDISON COMPANY, and SAN DIEGO GAS & ELECTRIC COMPANY<br><br>    Defendants. | NO. CV-04-129-JLQ<br><br>ORDER **GRANTING** PLAINTIFF PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON'S MOTION TO LIFT STAY AND REQUEST TO REOPEN FILE |

    BEFORE THE COURT is Plaintiff Public Utility District No. 2 of Grant County Washington's Motion to Lift Stay and Request to Reopen File (Ct. Rec. 34). Therein, Plaintiff moves this Court to administratively reopen the case file and enter an order lifting the stipulated stay that was entered in the above-captioned matter on June 17, 2004, and extended on December 29, 2004, and March 28, 2006. The motion is opposed by Defendant California Independent System Operator Corporation. (Ct. Rec. 38). The other Defendants, added to this action in the First Amended Complaint dated March 28, 2006, have been served but have not yet appeared and therefore have not responded to this motion.

**Background**

    This action has a complicated procedural history. It was initiated on April 22, 2004 by Plaintiff Public Utility District No. 2 of Grant County Washington ("Grant") to recover payment for approximately $18 million in electric energy allegedly sold to Defendant California Independent System Operator Corporation ("ISO") between November 17, 2000, and December 13, 2000, during California's energy crisis. On June 17, 2004, at the request of Grant and ISO, the court entered the parties' proposed order

ORDER - 1

1  staying this action pending a ruling by the Federal Energy Regulatory Commission
2  ("FERC") on the jurisdictional issue of whether Grant's sales of electric energy were
3  subject to the price mitigation authority of FERC. (Ct. Rec. 13). On November 23, 2004,
4  FERC ruled that, among other things, the transactions at issue in this matter were subject
5  to FERC's jurisdiction and price mitigation authority.
6        On December 29, 2004, after the ruling from FERC, the court agreed to further
7  stay these proceedings "until forty-five days after either the Federal Energy Regulatory
8  Commission issues an order disposing of the Plaintiff's anticipated Petition For
9  Rehearing of that Commission's November 23, 2004 Order or the Ninth Circuit Court of
10 Appeals issues an Order disposing of the Plaintiff's anticipated Petition For Review . . .,
11 whichever comes first." (Ct. Rec. 19). Apparently, Grant did not petition for rehearing
12 by FERC, but did petition the Ninth Circuit to review FERC's Order. The appeal is still
13 pending.
14       This matter remained inactive until February 2, 2006, when Plaintiff filed a motion
15 to lift the stay for the limited purpose of filing an amended complaint adding newly
16 discovered Defendants, after allegedly discovering that ISO acted as an agent for
17 Southern California Edison Company ("SCE"), San Diego Gas & Electric Company
18 ("SDG&E"), and Pacific Gas & Electric Company ("PG&E"). (Ct. Rec. 25). This court
19 granted the motion (Ct. Rec. 28) and Grant filed its First Amended Complaint on
20 February 28, 2006, naming SCE and SDG&E as defendants (Ct. Rec. 29), but not adding
21 PG&E because it was in Chapter 11 bankruptcy in the United States Bankruptcy Court
22 for the Northern District of California. According to Grant, it holds a unliquidated claim
23 in the bankruptcy action arising from the exact same transactions and amounts that are
24 subject to this action. Therefore, concurrent with this motion to lift the stay, Grant has
25 filed a motion in the Northern California District Court seeking to withdraw from the
26 Bankruptcy Court and transfer to this court the proceedings on that proof of claim.
27       Although Grant's appeal is still pending, the Ninth Circuit recently issued a final
28 mandate in a related appeal from the FERC refund proceedings: *Bonneville Power*

ORDER - 2

*Admin. v. Fed. Energy Regulatory Comm'n*, 422 F.3d 908 (9th Cir. 2005), petition for reh'g and reh'g en banc denied in *Bonneville Power Admin. Fed. Energy Regulatory Comm'n*, No. 02-70262, *et al,*, Order Re: Petition for Reh'g and Reh'g En Banc (9th Cir. Mar. 7, 2007) and petition to stay mandate denied in *Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, No. 02-70262, *et al.*, Order Denying California Parties' Motion to Stay the Mandate (9th Cir. March 28, 2007). This court notes that Grant was not a party to the *Bonneville* appeal and the *Bonneville* decision did not expressly address FERC's Novermber 23, 2004, order currently being appealed by Grant. However, the *Bonneville* Court unanimously concluded that FERC exceeded its jurisdiction when it ordered non-public utilities that sold energy into the California market during California's energy crisis, such as Grant, to pay refunds, and remanded the action to FERC for further proceedings consistent with the opinion.

Grant, along with other entities, is presently participating in the remanded FERC proceeding. According to Grant, the "California Parties," which includes the People of the States of California, *ex rel.* Edmond G. Brown Jr., Attorney General, the California Electricity Oversight Board, the California Public Utilities Commission, PG&E, SDG&E, and SCE, filed a motion asking FERC to "continue adjudicating issues regarding the alleged refund liability of the Governmental Entities, and to continue blocking payment by or on behalf of ISO of amounts that ISO owes to those Governmental Entities, including Grant." (Ct. Rec. 39, pg. 6). Apparently in an Answer thereto, submitted to FERC on April 17, 2007, Grant, along with other governmental entities argued, in part, that FERC should comply with the *Bonneville* holding and refrain from further *ultra vires* action, but also that "[s]crupulous compliance with the mandate requires the Commission to . . . [o]rder the ISO and PX to pay the non-jurisdictional sellers the unmitigated sales price . . . with interest." It seems that ISO is not a member of the "California Parties" and is not participating in the FERC remand.

Meanwhile, on April 9, 2007, some of the "California Parties," including the California Electric Oversight Board and PG&E, brought an action against Grant and a

ORDER - 3

number of other governmental entities, which is currently pending in the Superior Court of California for the County of Los Angeles. In that action, the plaintiffs seek, in part, to recover "refunds" from Grant for the Grant-ISO transactions at issue here. There are, and apparently soon will be, several pending and competing motions in that action. The California Parties have requested a stay to coordinate several different California actions and if granted, the action will be delayed for a disputed, yet indeterminate period. Also, Grant apparently will be filing motions to quash the summons for lack of personal jurisdiction, and/or abate the action as to Grant in favor of this action.

## Analysis

A district court has discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 298 F.3d 1098, 1099 (9th Cir. 2005) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to lift a stay, the court should consider factors similar to those considered when the proceeding was stayed. *See Soler v. G&U, Inc.*, 86 F.R.D. 524, 526 (D.C.N.Y. 1980) (stating that "[s]imilar considerations should inform a decision to lift a stay previously ordered"). In determining whether to stay an action, district courts must consider: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The proponent "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. These considerations are "counsels of moderation rather than limitations on power." *Id.* Finally, in order to stay proceedings in one suit to abide the proceedings in another, the parties and issues of the two cases need not be identical. *Id.* at 254.

ORDER - 4

1    The Plaintiff argues that in light of *Bonneville*, the jurisdictional issue -- whether
2 FERC, rather than this court, has jurisdiction to decide the state-law breach of contract
3 issues raised in this action -- that once weighed in favor of granting the stay no longer
4 exists.  In summarizing its holding, the *Bonneville* court stated:

5   The FPA's requirement that all rates for wholesale sales of electric energy
6   must be "just and reasonable" – the basis of the refund orders – applies only
    to "public utilities" and makes no reference, specific or otherwise, to
7   non-public utilities . . . Similarly, FERC's authority to investigate rates and
8   to order refunds is limited to any rate collected by "any public utility"; the
    statute carries no reference to nonpublic utilities . . . The FPA also
9   unambiguously states that the provisions of subchapter II, which is the basis
10  of FERC's refund authority, do not apply to governmental entities "unless
11  such provision makes specific reference thereto" . . . No reference is found
    in the statute. Consequently, we grant the petition and set aside FERC's
12  orders related to the 2000 and 2001 spot market to the extent the orders
13  subject the governmental entities and non-public utilities to FERC's refund
14  authority under FPA subchapter II.

15 *Bonneville*, 422 F.3d at 911 (citations omitted).  In sum, "the retroactive imposition of a
16 market price that effects a refund responsibility is a regulatory action that falls outside of
17 FERC's jurisdiction with respect to non-public utilities and governmental entities." *Id.* at
18 920.  The Defendant opposes lifting the stay until the Ninth Circuit rules on Grant's
19 appeal and FERC acts on Grant's request for relief, but  never disputes that after
20 *Bonneville* FERC is without jurisdiction over non-public utilities and governmental
21 entities, such as Grant, and therefore cannot resolve the state-law contract dispute at issue
22 in this action.

23    Accordingly, nothing would be gained by further staying this action to await
24 decisions from the Ninth Circuit or FERC.  Although the court has been advised that
25 Grant's pending Ninth Circuit appeal has been consolidated with other similar petitions
26 and is presently without a briefing schedule or hearing date, the court assumes that the
27 assigned panel will dispose of Grant's appeal in light of *Bonneville*.  Likewise,
28 even though Grant, along with many other public entities, continues to participate in the

ORDER - 5

1 remanded FERC action, and has asked for the same remedy at issue here, it would be
2 reasonable to assume that Grant will be dismissed because "non-public" utilities and
3 governmental entities, such as Grant, are not subject to FERC's price mitigation authority
4 under *Bonneville*. Furthermore, the court is not inclined to maintain the stay or lift the
5 stay because of the pending California state court action. *See Caiafa Prof. Law Corp. v.*
6 *State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800, 804 (1993) (stating that "it is black
7 letter law that, when a federal action has been filed covering the same subject matter as is
8 involved in a California action, the California court has the discretion but not the
9 obligation to stay the state court action"). It is noted that this action was initiated in 2004,
10 approximately three years prior to the California action, which does not involve
11 Defendant ISO.

     Based upon the foregoing reasons, Plaintiff Public Utility District No. 2 of Grant County Washington's Motion to Lift Stay and Request to Reopen File is **GRANTED.** (Ct. Rec. 34), and the stay(s) previously entered herein are lifted.

     **IT IS SO ORDERED.** The Clerk of this court shall enter this Order, forward copies to counsel, and administratively reopen this file.

     **DATED** this 26th day of July 2007.

                            s/ Justin L. Quackenbush
                     JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6