**EXHIBIT J**

1  Peter G. McAllen, SBN 107416
    JONES DAY
2  555 West Fifth Street, Suite 4600
    Los Angeles, CA 90013-1025
3  Telephone:    (213) 489-3939
    Facsimile:    (213) 243-2539
4

5  Attorneys for Objector
    GRANT COUNTY PUBLIC UTILITY
    DISTRICT NO. 2

6

7



**FILED**

FEB 2 5 2004

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

8             **UNITED STATES BANKRUPTCY COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  **In re:**                **CASE NO. 01 30923 DM**

12  **PACIFIC GAS AND ELECTRIC**    **Chapter 11**
    **COMPANY, a California corporation,,**

13      **Debtor.**            **OBJECTION OF PUBLIC UTILITY**
                         **DISTRICT NO. 2 OF GRANT COUNTY,**

14                         **WASHINGTON TO DEBTOR'S MOTION**
                         **FOR EXTENSION OF TIME TO**

15                         **OBJECT TO CERTAIN PROOFS OF**
    **Federal I.D. No. 94-0742640**     **CLAIM AND FOR RELATED RELIEF**

16

17                      **Hearing:**      **March 5, 2004**
                      **Time:**        **1:30 p.m.**

18                      **Location:**    **235 Pine Street, 22nd Fl**
                                      **San Francisco, California**

19                      **Judge:**      **Hon. Dennis Montali**

20       Public Utility District No. 2 of Grant County, Washington ("Grant County") hereby files

21  this Objection to the Motion for Extension of Time to Object to Certain Proofs of Claim and for

22  Related Relief (the "Motion") filed by the Pacific Gas and Electric Company (the "Debtor").[1]  As

23  described below, proof of claim number 7864 filed by Grant County (the "Grant County Claim")

24  is very different than the other claims described in the Motion for which the Debtor seeks an

25  extension of time to file an objection. None of the justifications set forth in the Motion in support

26  of granting an extension apply to the Grant County Claim. Accordingly, the Motion should be

27  ————————————————

28      [1] The Debtor granted Grant County an extension until February 25, 2004 to file an objection
    to the Motion.

                                           OBJECTION OF PUBLIC UTILITY

14709

1    denied with respect to the Grant County Claim. In support of this Objection, Grant County

2    respectfully represents as follows:

3                                                            I.

4                                              **BACKGROUND**

5              Grant County is a public utility in the State of Washington engaged in the production and

6    sale of electricity. Beginning in November 2000, Grant County delivered electricity to the

7    California Independent System Operator (the "CAISO") pursuant to a CAISO request. The

8    CAISO then resold some or all of the electricity to the Debtor. The Debtor filed a voluntary

9    petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the

10   "Bankruptcy Code") on April 6, 2001. Grant County filed the Grant County Claim against the

11   Debtor in the amount of $17,828,019.54, plus interest and costs, for electricity sold to the Debtor.

12   On December 22, 2003, the Court confirmed the Plan of Reorganization Under Chapter 11 of the

13   Bankruptcy Code for Pacific Gas and Electric Company dated July 31, 2003, as modified by

14   modifications dated November 6, 2003 and December 19, 2003 (the "Plan"). Capitalized terms

15   not otherwise defined herein shall have the meaning given to them in the Plan.

16             During the Debtor's bankruptcy case, the FERC made numerous findings in the FERC

17   Refund Proceedings regarding, among other things, wholesale prices in the California electric

18   power markets. With respect to Grant County, the FERC had to determine whether the FERC

19   had jurisdiction over the Grant County Claim because (i) Grant County is a governmental entity,

20   (ii) Grant County did not make sales under the CAISO tariff to the CAISO's single clearing price

21   auction markets and (iii) Grant County never entered into any agreement with the CAISO, such as

22   a scheduling coordinator agreement or a participating generator agreement, acknowledging FERC

23   jurisdiction over Grant County's sale to CAISO.

24             After considering these issues with respect to Grant County, the FERC found that "the

25   circumstances of its sales to the CAISO, as described above, unlike those generally by the

26   governmental entities involved in this proceeding, provide us with neither personal jurisdiction

27   over Grant County nor subject matter jurisdiction over its CAISO sales." San Diego Gas &

28   Electric, 105 FERC ¶ 61,066, at P. 177 (October 16, 2003). (Excerpts attached at Exhibit 1.) No

                                                            OBJECTION OF PUBLIC UTILITY

1   party has requested rehearing of that determination as to Grant county and it is therefore final and

2   non-reviewable. Federal Power Act § 313, 16 U.S.C. § 825l. Accordingly, Grant County's sales

3   to the ISO are no longer subject to potential price mitigation at a result of the FERC Refund

4   Proceedings and, because the FERC found that it does not have jurisdiction over Grant County,

5   the allowance of the Grant County Claim is not dependent on any ruling by the FERC.

6   Significantly, Grant County is the only generator dismissed from the FERC Refund proceeding

7   for lack of jurisdiction. As reflected in the October 16, 2003 order, other generators have

8   objected to FERC jurisdiction on a number of grounds, but those objections have been overruled.

9                                              **II.**

10                                        **ARGUMENT**

11            Pursuant to the Motion, the Debtor seeks, among other things, to extend the time that it

12   has to object to ISO, PX and Generator Claims, including the Grant County Claim, from the

13   Effective Date of the Plan until such time as the claims become Allowed under the terms of the

14   Plan. The Debtor's justification for this extension is that virtually all of the issues that would be

15   subject to the Debtor's objection to the ISO, PX and Generator Claims are likely to be resolved

16   through the FERC's ruling in the FERC Refund Proceedings. That justification simply does not

17   apply to the Grant County Claim.

18            Grant County occupies a unique position among creditors in the Debtor's case that

19   distinguishes it from the other ISO, PX and Generator Claims. As described above, the FERC

20   already has ruled that it does not have jurisdiction over the Grant County Claim. Accordingly,

21   there is no reason that the Debtor needs to wait (or that Grant County should be forced to wait)

22   until the end of the FERC Refund Proceedings, which could take years, to object to the Grant

23   County Claim. The FERC Refund Proceedings simply do not apply to the Grant County Claim.

24   Thus, the Motion should be denied, and the Debtor should be required to file any objections to the

25   Grant County Claim by the Effective Date of the Plan.

26

27

28

**III.**

**CONCLUSION**

For the reasons set forth above, the Court should deny the Motion with respect to the Grant County Claim.

Dated: February 25, 2004

Respectfully submitted,

JONES DAY

By: *Peter S. McAllen* /

Peter G. McAllen

Attorneys for Objector GRANT COUNTY
PUBLIC UTILITY DISTRICT NO. 2

OBJECTION OF PUBLIC UTILITY