**EXHIBIT K**

```
 1  JAMES L. LOPES (No. 63678)
    GARY M. KAPLAN (No. 155530)
 2  KIMBERLY A. BLISS (No. 207857)
    HOWARD, RICE, NEMEROVSKI, CANADY,
 3     FALK & RABKIN
    A Professional Corporation
 4  Three Embarcadero Center, 7th Floor
    San Francisco, California 94111-4024
 5  Telephone:  415/434-1600
    Facsimile:  415/217-5910
 6
    Attorneys for Debtor and Debtor in Possession
 7  PACIFIC GAS AND ELECTRIC COMPANY
```

FILED

04 APR -1 AM 9:33

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>Chapter 11 Case<br><br>Date:   March 5, 2004<br>Time:   1:30 p.m.<br>Place:  235 Pine Street, 22nd Floor<br>        San Francisco, California<br>Judge:  Hon. Dennis Montali |

**AMENDED[1] ORDER ON DEBTOR'S MOTION FOR EXTENSION OF TIME TO OBJECT TO CERTAIN PROOFS OF CLAIM AND FOR RELATED RELIEF**

At the date and time set forth above, the Bankruptcy Court held a hearing on the Motion For Extension of Time To Object To Certain Proofs Of Claim And For Related Relief (the "Motion") submitted by Pacific Gas and Electric Company, the debtor and debtor in possession in the above-captioned Chapter 11 case ("PG&E" or the "Debtor"). Appearances were as noted in the record.

The Court having considered the Motion, all responses filed thereto, the Debtor's

---

[1] This Order supersedes the Court's Order On Debtor's Motion for Extension of Time to Object to Certain Proofs of Claim and for Related Relief, filed herein on March 5, 2004 (Docket No. 14821).

15046

-1-

ORDER ON MOTION EXTENDING TIME TO OBJECT TO CLAIMS AND FOR RELATED RELIEF

reply to such responses, the record in this case, and any admissible evidence and argument presented to the Court, hereby finds as follows:

   A. Adequate notice of this proceeding was given to parties in interest as appropriate under the circumstances.

   B. There is good cause for granting the Motion.

Based on the foregoing, **IT IS HEREBY ORDERED** that, for the reasons stated on the record:

1. The Motion is granted.[2]

2. The time for the Debtor to object to ISO, PX and Generator Claims (listed on Exhibit 1 attached hereto) solely so that their allowance or disallowance on the claims docket in this Chapter 11 Case conforms to the Allowed amount of such Claims as determined by the FERC in the FERC Refund Proceedings is extended until 90 days after ISO, PX and Generator Claim(s) become Allowed pursuant to the Plan. No such objection(s) shall alter the time at which such Claim(s) become Allowed pursuant to the Plan or must be paid pursuant to the Plan.[3]

3. For purposes of determining the Allowed amount of the Claims described in the chart below, the Debtor will prosecute the FERC proceeding corresponding to such Claims, as identified in the chart below, only before FERC or any court to which an appeal from the FERC order thereon may be taken, and will not attempt to obtain a determination of such

---

[2] On December 22, 2003, this Court entered its order confirming the Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Pacific Gas and Electric Company Dated July 31, 2003, As Modified by Modifications Dated November 6, 2003 and December 19, 2003 (the "Plan"). All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan or the Motion.

[3] In particular, Section 5.4(g)(i) of the Plan provides, in relevant part:

> "A Disputed ISO, PX and Generator Claim shall become an Allowed Claim on the date designated by FERC when payments are to be made on account of ISO, PX and Generator Claims, pursuant to an unstayed order in the FERC Refund Proceedings; provided, however, that if no date is designated in such order, a Disputed ISO, PX and Generator Claim shall automatically become an Allowed Claim forty-five (45) days after the issuance of such order, provided such order has not been stayed."

-2-

ORDER ON MOTION EXTENDING TIME TO OBJECT TO CLAIMS AND FOR RELATED RELIEF

matters before the Bankruptcy Court, except to the extent the Debtor has an objection based on a matter that is not the subject matter of the applicable FERC proceeding:

| Claims | Proceeding |
|---|---|
| SCS Related Claims | Scheduling Coordinator Services Tariff Proceeding |
| ISO COTP Claim | The California-Oregon Transmission Project Proceeding |
| PX Chargeback Claims | The PX Chargeback Proceeding |
| Imbalance Energy and Emergency Services Claims | FERC Refund Proceedings |
| QF Claims | FERC Refund Proceedings |

4. The time for PG&E to object to the SCS Related Claims listed on Exhibit 2 attached hereto is extended until 45 days after FERC's issuance of an unstayed order in the SC Tariff proceeding.

5. The time for PG&E to object to the ISO COTP Claim listed on Exhibit 2 attached hereto is extended until 45 days after FERC's issuance of an unstayed order in the COTP proceeding.

6. The time for PG&E to object to the Imbalance Energy and Emergency Service Claims listed on Exhibit 2 attached hereto is extended until the date designated by FERC when payments are to be made on account of ISO, PX and Generator Claims pursuant to an unstayed order in the FERC Refund Proceedings, or if no date is designated in such order, 45 days after the issuance of such an unstayed order.

7. The time for PG&E to object to the PX Chargeback Claims listed on Exhibit 4 attached hereto is extended until 45 days after FERC's issuance of an unstayed order regarding the issues pending on rehearing in the PX chargeback proceeding.

8. The QF Claims Based On PX Pricing listed on Exhibit 2 attached hereto shall constitute Disputed Claims until the date designated by FERC when payments are to be made on account of ISO, PX and Generator Claims pursuant to an unstayed order in the FERC Refund Proceedings, or if no date is designated in such order, 45 days after the issuance of such an unstayed order.

9. The time for PG&E to object to the RMR Claims listed on Exhibit 2 attached hereto is extended until the date designated by FERC when payments are to be made on account of ISO, PX and Generator Claims pursuant to an unstayed order in the FERC Refund Proceedings, or if no date is designated in such order, 45 days after the issuance of such an unstayed order. Based on the Debtor's modification of the Motion at the hearing thereon, the Motion is withdrawn with respect to the RMR Claims of Mirant Delta LLC and Mirant Potrero LLC listed on Exhibit 2 to the Motion. Nothing in this Order shall in any way affect or modify the rights of Mirant Delta and Mirant Portero with respect to their RMR Claims. Without limiting the generality of the foregoing, no extension of time to object is sought with respect to such RMR Claims.

10. The time for PG&E to object to claims which are subject to pending objections or otherwise constitute Disputed Claims as of the Effective Date is extended to until 30 days after the objections to such Claims are finally resolved or such Claims are no longer Disputed; provided, however, that this extension of time to object to Claims does not apply to any ISO, PX and Generator Claims.

11. Based on the Debtor's modification of the Motion at the hearing thereon, no extension of time to object is sought with respect to the Other Component Claims described in Section II.D. and Exhibit 3 to the Motion. The Debtor shall have the right to file objections to the Other Component Claims described in Section II.D and/or Exhibit 3 to the Motion as provided in the Plan, and any such filing shall not constitute a waiver of the Debtor's rights to further object to the other components of such Claims in accordance with the provisions of the Plan or this Order.

12. Each Claim described in paragraphs 2 through 8, inclusive, in this Order shall be deemed to be a "Disputed Claim" under the Plan until the earlier of (a) the date on which it is Allowed in accordance with the Plan or this Order and (b) the expiration of the period set forth in this Order or any other order of the Bankruptcy Court for objecting to the Claim. Each of the Claims described in paragraphs 9 and 10 of this Order shall be deemed to be a "Disputed Claim" under the Plan until the expiration of the period set forth in this Order or

-4-

ORDER ON MOTION EXTENDING TIME TO OBJECT TO CLAIMS AND FOR RELATED RELIEF

1 | any other order of the Bankruptcy Court for objecting to the Claim.

2 | 13. This Order is without prejudice to the right of Public Utility District #2 of Grant County ("Grant County") to seek adjudication in this Court, through appropriate noticed motion, of the allowance of its Claim. This Order is without prejudice to the bringing of such a motion at any time permissible under the Bankruptcy Code and Rules, without regard to the pendency or status of the FERC Refund Proceedings as to any other creditor.

14. The foregoing extensions may be further extended by the Court based upon a subsequent motion filed on or before the applicable deadline.

15. Except as expressly provided herein, this Order does not modify the Plan.

DATED: APR - 1 2004

DENNIS MONTALI

_____
HONORABLE DENNIS MONTALI
UNITED STATES BANKRUPTCY JUDGE

WD 032304/1-1419995/1134872/v5

-5-
ORDER ON MOTION EXTENDING TIME TO OBJECT TO CLAIMS AND FOR RELATED RELIEF