# EXHIBIT 9



CIRCUIT MEDIATION OFFICE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
95 SEVENTH STREET
P.O. BOX 193939
SAN FRANCISCO, CALIFORNIA 94119-3939

DAVID E. LOMBARDI, JR.
CHIEF CIRCUIT MEDIATOR

TEL (415) 556-9900
FAX (415) 556-9725

CLAUDIA L. BERNARD
CHRISTOPHER A. GOELZ
ANN JULIUS
C. LEWIS ROSS
MARGARET A. CORRIGAN
ROXANE G. ASHE
LISA J. EVANS
PETER W. SHERWOOD
STEPHEN LIACOURAS
CIRCUIT MEDIATORS

March 8, 2007

Dear Counsel:

Attached for your review is a courtesy copy of the recently filed order denying the Petition for Rehearing and Petition for Rehearing *en banc* in Bonneville Power Administration v. FERC.

Very truly yours,

Lisa J. Evans
Circuit Mediator

Attachment

cc: The Honorable Edward Leavy
Lee Ann Watson, Esq.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 07 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BONNEVILLE POWER ADMINISTRATION,<br><br>Petitioner,<br><br>CITY OF TACOMA; PORT OF SEATTLE; CORAL POWER, L.L.C.; CONSTELLATION ENERGY COMMODITIES GROUP, INC.,<br><br>Intervenors,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Respondent,<br><br>PACIFICORP,<br><br>Respondent-Intervenor. | No. 02-70262<br><br>FERC No. EL00-95-001<br>District of Oregon,<br>Portland<br><br>ORDER |

Before: THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Having considered the California parties' arguments, the panel votes to deny the Petition for Rehearing and Petition for Rehearing en banc. The panel opinion does not conflict with the D.C. Circuit's decision in <u>Pacific Gas & Electric Company v. FERC</u>, 306 F.3d 1112 (D.C. Cir. 2002). In that case, which arose in a

different context under § 205 of the Federal Power Act ("FPA"), 16 U.S.C.§ 824d, and did not rest on a jurisdictional analysis under FPA § 201(f), the D.C. Circuit stated that "[a]s a general matter, publicly-owned utilities are not subject to FERC's §§ 205 and 206 jurisdiction, see FPA § 201(f), 16 U.S.C. § 824(f), although FERC may analyze and consider the rates of non-jurisdictional utilities to the extent that those rates affect jurisdictional transactions." Pacific Gas, 306 F.3d at 1114. The court did not say, or even imply, that FERC may assert jurisdiction over a non-jurisdictional entity for purposes of ordering a refund. The parties' other claim of a circuit conflict with United Distribution Companies v. FERC, 88 F.3d 1105 (D.C. Cir. 1996), is no more persuasive, as we explained earlier in the panel opinion.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied.