# Exhibit 1

FILED
01 AUG 10 PM 4:28
FEDERAL ENERGY
REGULATORY COMMISSION

UNITED STATES OF AMERICA
BEFORE THE
FEDERAL ENERGY REGULATORY COMMISSION

**ORIGINAL**

| | |
|---|---|
| San Diego Gas & Electric Company,<br>Complainant<br><br>v.<br><br>Sellers of Energy and Ancillary Services<br>  Into Markets Operated by the<br>  California Independent System<br>  Operator Corporation and the<br>  California Power Exchange,<br>    Respondent<br><br>Et al. | )<br>)<br>)<br>)  Dockets Nos. EL00-95-004, 005, 019, 031<br>)      et al.<br>)<br>)  EL00-98- 004, 005, 018, 030<br>)<br>)<br>)  EL01-10-000, 001<br>)<br>)<br>) |

## MOTION TO INTERVENE OUT OF TIME OF PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON

To: Honorable Bruce L. Birchman, Presiding Administrative Law Judge

Pursuant to Rules 504 and 214 of the Commission's Rules of Practice and Procedure, 18 CFR §§385.504 and 385.214, Public Utility District No. 2 of Grant County, Washington ("Grant") hereby moves for leave to intervene out of time in the above-referenced proceeding. As described more fully below, the Commission's Order of July 25, 2001 in this proceeding[1] was the first notice to Grant that it would have a significant interest in the outcome of this case. Good cause exists to permit Grant to intervene out of time to protect its interests.

---

[1] *San Diego Gas & Electric Company v. Sellers of Energy and Ancillary Services Into Markets Operated by the California Independent System Operator Corporation and the California Power Exchange, et al.*, Dockets Nos. EL00-95-004, *et al.*, "Order Establishing Evidentiary Hearing Procedures, Granting Rehearing in Part, and Denying Rehearing in Part," 96 FERC ¶61,120 (2001) ("July 25th Order").

0108140133-1

DOCKETED

## COMMUNICATIONS

Communications regarding this matter should be addressed to the following persons, who also should be designated for service on the Commission's official list:

Ray A. Foianini
109 Division West
Post Office Box 908
Ephrata, Washington 98823
Telephone: (509) 754-3591
FAX: (509) 754-5076
e-mail: rfoiani@gcpud.org

Bonnie S. Blair
Thompson Coburn LLP
Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
Telephone: (202) 585-6905
FAX: (202) 585-6969
e-mail: bblair@thompsoncoburn.com

## DESCRIPTION OF GRANT'S INTEREST AND MOTION FOR LEAVE TO INTERVENE OUT OF TIME

Grant is a municipal corporation established under the laws of the State of Washington to own and operate an electric utility system. Grant owns and operates nearly 2,000 MW of hydroelectric generating capacity. Grant provides retail electric service to approximately 40,000 native load customers in Grant County, Washington. During the periods covered by the July 25th Order, Grant made substantial Out of Market ("OOM") sales to the California Independent System Operator Corporation ("ISO") at the request of and at prices established by the ISO.

Because Grant is not a public utility subject to the general jurisdiction of the Commission under the Federal Power Act and because Grant did not submit any bids into the markets operated by the ISO or the California Power Exchange ("PX"), Grant did not understand that it could be considered a respondent to the Complaint that initiated this proceeding. Further, there were no indications in any of the Commission's orders in this

-2-

proceeding prior to the July 25th Order that the Commission would assert the authority to order refunds from non-jurisdictional sellers for sales into the California spot markets. Thus, the July 25th Order was the first notification to Grant that the Commission would consider its sales in California to be subject to a potential refund obligation.

Grant believes that the Commission's assertion of rate-making authority over sales of power by Grant in the July 25th Order is *ultra vires* and inconsistent with the Federal Power Act. In addition, Grant wishes to protect its interests with respect to the method utilized for the computation of potential refund obligations. In light of the July 25th Order, Grant has a substantial interest in the outcome of this proceeding. Grant's interests cannot be protected by any other party, and participation by Grant in this proceeding is in the public interest.

For the reasons discussed above, good cause exists for permitting Grant to intervene at this time. Grant will accept the schedule as it has been developed to this point, and no party will be unduly prejudiced by permitting Grant to participate in this proceeding.

## CONCLUSION

Wherefore, for the foregoing reasons, Grant respectfully requests permission to intervene out of time in this proceeding to protect its interests as described above.

Respectfully submitted,

*Bonnie S. Blair*
Bonnie S. Blair
Mark L. Parsons
Attorneys for Public Utility District No. 2 of
Grant County, Washington

Law Offices of:

Thompson Coburn LLP
Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
202-585-6900

August 10, 2001

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of August, 2001, caused a copy of the foregoing document to be sent by electronic mail and by first-class mail to all parties on the list compiled by the Secretary of the Commission in this proceeding.

*Bonnie S. Blair*
Bonnie S. Blair

Attorney for Public Utility District No. 2 of
Grant County, Washington

Law Offices of:

Thompson Coburn LLP
Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
202-585-6900