# Exhibit 5

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>Chapter 11 Case |



FILED

APR 1 3 2004

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

NOTICE OF (1) OCCURRENCE OF EFFECTIVE DATE OF CONFIRMED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR PACIFIC GAS AND ELECTRIC COMPANY DATED JULY 31, 2003, AS MODIFIED; AND (2) RELATED DEADLINES

TO ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that the effective date of the confirmed Plan Of Reorganization Under Chapter 11 of the Bankruptcy Code For Pacific Gas and Electric Company Proposed By Pacific Gas and Electric Company, PG&E Corporation and the Official Committee of Unsecured Creditors dated July 31, 2003, as modified by Modifications dated November 6, 2003, December 19, 2003, February 19, 2004 and March 10, 2004 (the "Plan") occurred on April 12, 2004 (the "Effective Date"). Unless otherwise defined, capitalized terms used in this notice shall have the meanings ascribed to them in the Plan. The "Order Confirming Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code For Pacific Gas And Electric Company Proposed By Pacific Gas and Electric Company, PG&E Corporation and the Official Committee of Unsecured Creditors Dated July 31, 2003, As Modified," which includes a copy of the Plan as Exhibit A thereto, as modified by the Order Granting Proponents' Ex Parte Application for Order Approving Technical Corrections to Plan of Reorganization And Supplementing Confirmation Order to Incorporate Such Corrections, dated February 27, 2004, and the Order Granting Proponents' Ex Parte Application for Order Approving Technical Modifications to Plan of Reorganization Re Effective Date And Supplementing Confirmation Order to Incorporate Such Modifications, dated March 15, 2004 (collectively, the "Confirmation Order") are available on the Bankruptcy Court's web site at www.canb.uscourts.gov or by written request to Howard, Rice, Nemerovski, Canady, Falk & Rabkin, Attn: Jordan VanPickerill, Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4024 or jvanpickerill@howardrice.com.

Administrative Claims Bar Date

PLEASE TAKE FURTHER NOTICE that, pursuant to the Plan and the Confirmation Order, all requests for allowance and payment of any Administrative Expense Claim arising after the Confirmation Date and on or before the Effective Date must be served upon the Debtor's counsel at the address set forth below, and filed with the Bankruptcy Court at the following address: Clerk of the Bankruptcy Court, United States Bankruptcy Court, 235 Pine Street, 19th Floor, San Francisco, California 94104, no later than May 12, 2004 (30 days after the Effective Date).

Pursuant to the Plan and Confirmation Order, you do not need to file a request for allowance and payment of an Administrative Expense Claim if your claim is for an "Ordinary Course Liability" of PG&E. Pursuant to Section 2.4 of the Plan, Ordinary Course Liabilities shall be paid in full and performed by the Debtor in the ordinary course of business in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing or other documents relating to such transactions and pursuant to applicable law, without the necessity of the filing of an Administrative Expense Claim. Ordinary Course Liabilities are defined in Section 1.1 of the Plan as follows: (i) liabilities incurred in the ordinary course of business by the Debtor-in-Possession, including, but not limited to, actual and necessary costs and expenses of operating the business of the Debtor-in-Possession, any indebtedness or obligations incurred or undertaken by the Debtor-in-Possession in connection with the conduct of its business, liabilities arising under loans or advances to or other obligations incurred by the Debtor-in-Possession, and real and personal property taxes and franchise fees; (ii) any Claims against the Debtor constituting a cost or expense of administration of the Chapter 11 Case under sections 503(b) and 507(a)(1) of the Bankruptcy Code arising on or after 60 days prior to the Effective Date, other than Professional Compensation and Reimbursement Claims; and (iii) all cure amounts owed in respect of executory contracts and unexpired leases assumed by the Debtor-in-Possession arising on or after 60 days prior to the Effective Date.

<u>Applications For Allowance Of Professional Fees and Expenses And Hearing Thereon</u>

PLEASE TAKE FURTHER NOTICE that, pursuant to the Plan and the "Order Re Payment of Professional Fees and Expenses Post-Confirmation" entered herein on January 12, 2004, all applications for final allowance of compensation and reimbursement of expenses by holders of Professional Compensation and Reimbursement Claims and for professional fees and expenses through the Effective Date must be served and filed no later than July 11, 2004 (90 days after the Effective Date) in accordance with the Order Establishing Interim Fee Application and Expense Reimbursement Procedure entered herein on July 26, 2001, the Amended Order Establishing Interim Fee Application and Expense Reimbursement Procedure entered herein on November 8, 2001, and the Second Amended Order Establishing Interim Fee Application and Expense Reimbursement Procedure (Revised March 2002) entered herein on March 18, 2002. Hearings on the applications will be scheduled on a date to be determined, after July 11, 2004.

<u>Binding Effect of the Provisions of the Plan</u>

PLEASE TAKE FURTHER NOTICE that in accordance with section 1141 of the Bankruptcy Code, and except as expressly provided in the Plan or the Confirmation Order, the provisions of the Plan (including the Exhibits to, and all documents and agreements executed pursuant to, the Plan) and the Confirmation Order shall be binding upon (a) Pacific Gas and Electric Company, PG&E Corporation and the Official Committee of Unsecured Creditors (collectively, the "Proponents"), (b) the Reorganized Debtor, (c) the respective subsidiaries and affiliates of the Proponents and the Reorganized Debtor, (d) all holders of Claims against or Equity Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (e) all Settling Parties, (f) any other party in interest, and (g) each of the foregoing's respective successors and assigns.

Injunction And Modification of Injunction Pursuant to the Plan; Termination of Automatic Stay

PLEASE TAKE FURTHER NOTICE that except as otherwise expressly provided in the Plan or the Confirmation Order, and in accordance with section 1141(d)(1) of the Bankruptcy Code, to the fullest extent permitted by applicable law (including, without limitation, section 105 of the Bankruptcy Code), all Entities who have held, hold or may hold Claims against or Equity Interests in the Debtor, are enjoined, on and after the Confirmation Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Reorganized Debtor on account of any such Claim or Equity Interest, (c) creating, perfecting or enforcing any Lien of any kind against the Reorganized Debtor or against the property or interests in property of the Reorganized Debtor on account of any such Claim or Equity Interest, (d) asserting any right of setoff or recoupment of any kind against any obligation due to (or asserting any right of subrogation with respect to any type of claim against) the Reorganized Debtor or against the property or interests in property of the Reorganized Debtor on account of any such Claim or Equity Interest, to the extent such right of setoff, recoupment and/or subrogation is not permitted under applicable law, and (e) commencing or continuing in any manner any action or other proceeding of any kind with respect to any Claims or Causes of Action which are extinguished, dismissed or released pursuant to the Plan. This injunction shall also enjoin all parties in interest, including, without limitation, all Entities who have held, hold or may hold Claims against or Equity Interests in the Debtor, from taking any action in violation of the Confirmation Order. Such injunction shall extend to successors of the Reorganized Debtor and their respective properties and interests in property.

Notwithstanding the foregoing, to the extent provided in Section 4.17 of the Plan, effective as of the Effective Date, the entry of the Confirmation Order constitutes a modification of any stay or injunction under the Bankruptcy Code that would otherwise preclude the determination, resolution or adjudication of any Environmental Claims, Fire Suppression Claims, Pending Litigation Claims or Tort Claims, as defined in the Plan.

In accordance with Sections 362(c) and 1141(c) of the Bankruptcy Code, based on the entry of the Confirmation Order and the occurrence of the Effective Date, the automatic stay of Section 362(a) is terminated, as of the Effective Date.

Dated: April 13, 2004

HOWARD, RICE, NEMEROVSKI, CANADY,
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, Suite 700
San Francisco, California 94111

By: _____
        JAMES L. LOPES
Attorneys for Pacific Gas and Electric Company

-3-