IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Defendant.<br>_____/ | No. C 07-03243 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 12, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiff's motion for withdrawal of reference and transfer of venue.

The parties shall each have 20 minutes to address the following questions:

1. The parties dispute the import and effect of the Ninth Circuit's holding in *Bonneville Power Admin. v. Fed. Energy Regulatory Comm'n*, 422 F.3d 908 (9th Cir. 2005). Considering the very issue disputed in this matter is currently before the Ninth Circuit on Plaintiff's appeal, why isn't the most prudent course for this Court to deny the current motion without prejudice to Plaintiff refiling at such time as the issue is squarely addressed by the Ninth Circuit? Does the fact of the pending appeal deprive this Court of jurisdiction to withdraw the reference or would exercise of such jurisdiction be an inefficient use of Court resources? Would ruling on the current motion create a potential conflict for the Ninth Circuit should the appellate court agree with Defendant's interpretation of *Bonneville*?

2. On what authority does Plaintiff contend that a district court may withdraw a reference with respect to any bankruptcy matter notwithstanding the contrary language of a confirmed bankruptcy plan? Is the bankruptcy court's decision to permit adjudication of Grant's claim only before the Federal Energy Regulatory Commission binding as res judicata in this case?

3. What is the status of Plaintiff's motion to sever and stay the California action and to quash the summons for lack of personal jurisdiction in the California state court action pending in Los Angeles?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: October 11, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE