# Exhibit A

121 FERC ¶ 61,188
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners: Joseph T. Kelliher, Chairman;
Suedeen G. Kelly, Philip D. Moeller,
and Jon Wellinghoff.

San Diego Gas & Electric Company

v. Docket No. EL00-95-200

Sellers of Energy and Ancillary Services
Into Markets Operated by the California
Independent System Operator and the
California Power Exchange

Investigation of Practices of the California Independent System Operator Corporation and the California Power Exchange — Docket No. EL00-98-185

ORDER ON CLARIFICATION

(Issued November 19, 2007)

1. On October 25, 2007, the California Parties[1] filed an expedited motion for clarification of paragraph 36 of the Commission's October 19, 2007 Order in this proceeding.[2] For the reasons discussed below, we grant the California Parties' motion for clarification.

---

[1] The California Parties are the People of the State of California *ex rel*. Edmund G. Brown, Attorney General, the California Electricity Oversight Board, the Public Utilities Commission of the State of California, Pacific Gas and Electric Company, Southern California Edison Company, and San Diego Gas & Electric Company.

[2] *San Diego Gas & Elec. Co.*, 121 FERC ¶ 61,067 (2007) (October Order).

## I. Background

2. The October Order contains a detailed description of the background and history of this proceeding.[3]

3. In brief, the Commission ordered certain governmental entities and other non-public utilities that participated in the centralized single clearing price auction markets operated by the California Independent System Operator Corporation (CAISO) and the California Power Exchange Corporation (PX) to make refunds for the period of October 2, 2000 to June 20, 2001 (refund period).[4] However, the United States Court of Appeals for the Ninth Circuit (Ninth Circuit) subsequently held that section 206 of the Federal Power Act (FPA)[5] did not grant the Commission refund authority over wholesale electric energy sales made by such entities during the relevant period.[6] Accordingly, the Commission issued the October Order vacating its prior orders to the extent that they subjected governmental entities and other non-public utilities to the Commission's refund authority.

## II. Motion for Clarification

4. The California Parties seek clarification of paragraph 36 of the October Order.[7] In paragraph 36, the Commission addressed the California Parties' claim that the Commission revised the pricing formulations contained in the CAISO/PX tariffs. The Commission stated:

> California Parties assert that the Commission revised the pricing formulations contained in the CAISO/PX tariffs for the period to which the MMCP [mitigated market-clearing price] applies. *We disagree*. The *Bonneville* court found that the Commission had ordered refunds *rather than amending the CAISO/PX tariffs to reset the market clearing price*

---

[3] October Order, 121 FERC ¶ 61,067 at P 4-16.

[4] *See San Diego Gas & Elec. Co.*, 96 FERC ¶ 61,120 at 61,499 (Refund Order), *order on reh'g*, 97 FERC ¶ 61,275 (2001) (Refund Rehearing Order).

[5] 16 U.S.C. § 824e (2000).

[6] *Bonneville Power Admin. v. FERC*, 422 F.3d 908 (9th Cir. 2005) (*Bonneville*).

[7] The California Parties note that they have other objections to the October Order that they will raise in a separate rehearing request.

> *during the refund period*. The court further found that the Commission had acted outside its jurisdiction when ordering non-public utility entities to pay these refunds. Therefore, we vacate each of the Commission's orders in the California refund proceeding to the extent that they order non-public utility entities to pay refunds.[8]

The California Parties contend that the italicized language is misleading because it implies that the Commission did not reset the market clearing prices under the CAISO/PX tariffs and suggests that the Ninth Circuit held as much in *Bonneville*. The California Parties dispute both of these conclusions.

5. The California Parties maintain that the Commission "unambiguously" reset the market clearing prices in its July 25, 2001 Refund Order.[9] The California Parties state that, beginning with the Refund Order, the Commission has consistently held that the MMCP formula sets the maximum prices that may be charged to customers under the CAISO/PX tariffs, and that in the Refund Order, the Commission explained that it was "'revis[ing] the market clearing prices that all market participants previously agreed to accept for their sales.'"[10] Moreover, the California Parties assert that section 206 of the FPA requires the Commission to establish the just and reasonable rate before ordering refunds, and that here, the Commission followed that procedure by resetting the market clearing prices in the Refund Order, even though the Ninth Circuit subsequently held that the Commission did not have authority to order governmental entities and other non-public utilities to make refunds.[11]

6. The California Parties also claim that the Commission mischaracterized the Ninth Circuit's opinion in *Bonneville* by making it appear that the Ninth Circuit determined that the Commission did not or should not have revised the market clearing prices. The California Parties assert that the Ninth Circuit made no such finding; rather, the California Parties maintain that the Ninth Circuit held only that the Commission lacked jurisdiction to take the additional step of ordering governmental entities and other non-public utilities to pay the refunds resulting from the reset prices.

---

[8] October Order, 121 FERC ¶ 61,067, at P 36 (emphasis added) (internal footnotes omitted).

[9] California Parties' Motion for Expedited Clarification at 16 (Motion).

[10] *Id*. at 5- 6 (citing Refund Order, 96 FERC ¶ 61,120 at 61,152).

[11] *Id*. at 11, 16.

7. Finally, the California Parties argue that expedited action is necessary because the current language in paragraph 36 may be used against the California Parties in ongoing contract litigation. The California Parties state that the Commission's decision to reset the market clearing prices is a required element of their contract claims, and that Commission failure to clarify paragraph 36 in an expedited fashion might "irreversibly prejudice" their ability to pursue their cases.

## III. Notice, Intervention and Protest

8. On October 29, 2007, the Commission issued a Notice Shortening Answer Period for responses to the California Parties' motion, requiring answers by November 5, 2007. The Bonneville Power Administration (BPA) and the Western Area Power Administration (Western) filed a timely joint answer, and the City of Los Angeles Department of Water and Power (LADWP) and the Indicated Parties[12] separately filed timely answers.

9. BPA, Western, LADWP, and the Indicated Parties (collectively, the Answering Parties) argue that the Commission did not reset the market clearing prices. In their view, the Commission's prior orders merely developed a methodology to calculate a just and reasonable rate that created an hourly cap on sellers' prices and established that hourly refunds would be computed using the difference between the market clearing price and the MMCP calculated for each hour of the refund period, subject to certain adjustments. The Answering Parties also argue that the current language in paragraph 36 is consistent with the limits of the Commission's refund authority under section 206 of the FPA, and that it correctly characterizes the Ninth Circuit's decision in *Bonneville*.

## IV. Discussion

10. We grant the California Parties' motion for clarification. We agree with the California Parties that the Commission inadvertently mischaracterized both its prior orders and the Ninth Circuit's decision in *Bonneville*. As the California Parties have

---

[12] The Indicated Parties are: Arizona Electric Power Cooperative, Inc., Cities of Anaheim, Azusa, Banning, Burbank, Glendale, Pasadena, Redding, Riverside, and Vernon, Metropolitan Water District of Southern California/State Water Contractors, Modesto and Turlock Irrigation Districts, Northern California Power Agency, the City of Santa Clara, d/b/a Silicon Valley Power, Sacramento Municipal Utility District, and Public Utility District No. 2 of Grant County, Washington.

correctly pointed out, establishing a just and reasonable rate is a prerequisite for ordering refunds.[13] Accordingly, the Commission made clear that it was resetting the market clearing prices in the Refund Order:

> Our action here establishes a revised method for calculating the just and reasonable clearing prices to be applied in those markets [the CAISO and PX wholesale electricity markets] for the period beginning October 2, 2000. This is pursuant to the Commission's authority under FPA section 206 to fix the just and reasonable rate. *Our action thus revises the market clearing prices that all market participants previously agreed to accept for their sales*.[14]

However, paragraph 36 of the October Order inadvertently fails to acknowledge this point.

11. We also find that the language in paragraph 36 mischaracterizes the Ninth Circuit's decision in *Bonneville*. In *Bonneville*, the Ninth Circuit rejected the Commission's claim that it merely reset the market clearing prices and did not order governmental entities and other non-public utilities to pay refunds. The court did not hold that the Commission failed to reset the market clearing prices:

> FERC attempts to deflect our attention away from the fact that it is ordering refunds from the Public Entities [governmental entities and other non-public utilities] by arguing that FERC is simply using its *§§ 205* and *206* authority to reset the prices . . . to a just and reasonable level . . . . [CA]ISO similarly tries to cast FERC's orders as resetting the market clearing price under FERC jurisdictional tariffs and characterizes the refunds . . . as just a "byproduct" of the resettlement . . . . The rationale advanced by FERC and [CA]ISO is flawed. Perceiving FERC's orders as effecting a reset market clearing prices of all spot market sales under the ISO and CalPX tariffs, *rather than as a order for refunds under §206(b), ignores the explicit language of FERC's July 25, 2001 Order* [Refund Order] ….We cannot conclude that FERC said "refund" but meant resettlement of the market-clearing price.[15]

---

[13] We note that the Indicated Parties acknowledge this point. See Indicated Parties' Answer at 6.

[14] Refund Order, 96 FERC ¶ 61,120 at 61,152 (emphasis added).

[15] *Bonneville*, 422 F.3d at 919 (emphasis added).

12. Moreover, in the next sentence, the court emphasized that it was objecting to the fact that the Commission *went beyond resetting the market clearing prices*:

> FERC's order *does more than simply reset the market-clearing price* for power in the FERC-jurisdictional [CA]ISO and CalPX markets. FERC specifically ordered governmental entities/non-public utilities to pay refunds, an action that lies outside Congress' clearly expressed intent.[16]

13. Contrary to the language in paragraph 36, the Ninth Circuit did not find that the Commission had ordered refunds rather than resetting the market clearing prices. Rather, the court rejected the Commission's attempt to order *refunds in addition to resetting the market clearing prices*. Accordingly, we clarify that paragraph 36 should be amended to read as follows:

> California Parties assert that the Commission revised the pricing formulations contained in the CAISO/PX tariffs for the period to which the MMCP applies. We *do not* disagree. The *Bonneville* court found that the Commission had ordered refunds *by non-jurisdictional entities* rather than *merely* amending the CAISO/PX tariffs to reset the market clearing price during the refund period. The court further found that the Commission had acted outside its jurisdiction when ordering non-public utility entities to pay these refunds. Therefore, we vacate each of the Commission's orders in the California refund proceeding to the extent that they order non-public utility entities to pay refunds.[17]

<u>The Commission orders</u>:

(A) The California Parties' motion for clarification is hereby granted, and paragraph 36 is hereby clarified as discussed in the body of this order.

By the Commission. Commissioner Spitzer not participating.

( S E A L )

Kimberly D. Bose,
Secretary.

---

[16] *Id*. at 919-920 (emphasis added).

[17] Inserted text shown in italics. We omit the footnotes only for ease of clarification.