Peter G. McAllen (State Bar No. 107416)
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539
E-mail:      pmcallen@jonesday.com

Tobias S. Keller (State Bar No. 151445)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104-1500
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700
E-mail:      tkeller@jonesday.com

Attorneys for Plaintiff
PUBLIC UTILITY DISTRICT NO. 2 OF
GRANT COUNTY, WASHINGTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON<br><br>Plaintiff.<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Defendant. | Case No. C 07-03243 JSW<br><br>Chapter 11 Case<br><br>Bankr. Case No. 01-30923 DM<br><br>**NOTICE OF MOTION AND MOTION OF PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON TO STRIKE NOTICE OF DECEMBER 4 ORDER BY JUDGE WENDELL MORTIMER, JR. OF THE LOS ANGELES COUNTY SUPERIOR COURT**<br><br>Hearing Date:  January 25, 2008<br>Time:          9:00 a.m.<br>Courtroom:     2, 17th Floor<br>Judge:         Hon. Jeffrey S. White |

LAI-2919486v1

**MOTION TO STRIKE**

**I.     NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, Plaintiff Public Utility District No. 2 of Grant County Washington ("Grant County") will bring this Motion to Strike the Notice of December 4 Order by Judge Wendell Mortimer, Jr. of the Los Angeles County Superior Court (the "Motion to Strike") for hearing before this Court in the courtroom of The Honorable Jeffrey S. White, United States District Court, 450 Golden Gate Avenue, Courtroom 2, 17th Floor, San Francisco, California 94102.  Grant County is willing to waive oral argument on this Motion provided that no other party objects.

By this Motion, Grant County seeks an order of the Court striking the Notice of December 4 Order by Judge Wendell Mortimer, Jr. of the Los Angeles County Superior Court (Docket No. 31) (the "December 6 Notice"), which was filed by Defendant Pacific Gas & Electric ("PG&E") on December 6, 2007, as immaterial and impertinent pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (the "Federal Rules").

**II.    STATEMENT OF ISSUES TO BE DECIDED**

1.     Whether this Court should strike the December 6 Notice, which gives notice of an order in an action from which Grant County was dismissed for lack of personal jurisdiction and in which the court distinguished Grant County's factual situation from the other defendants, as immaterial and impertinent to the current proceeding pursuant to Federal Rule 12(f).

**III.   STATEMENT OF FACTS**

As this Court is aware, on October 12, 2007, this Court held a hearing (the "October 12 Hearing") on Grant County's Motion for (I) Withdrawal of the Reference of Proof of Claim and (II) Transfer of Venue Thereof to the United States District Court for the Eastern District of Washington (docket no. 1) (the

LAI-2919486v1

**MOTION TO STRIKE**

"Withdrawal Motion").  At the October 12 Hearing, the Court heard arguments from counsel for and against the Withdrawal Motion and took the Withdrawal Motion under submission, indicating that a written ruling shall issue.  To date, the Court has not issued a ruling on the Withdrawal Motion.

After the October 12 Hearing, both parties made certain filings with the Court regarding certain decisions that the Federal Energy Regulatory Commission ("FERC") had issued that may be relevant to the Court's analysis in determining whether to grant or deny the Withdrawal Motion.

In addition, on December 6, 2007, PG&E filed the December 6 Notice, which included a copy of a December 4, 2007 order (the "December 4 Order") by Judge Wendell Mortimer, Jr. of the Los Angeles County Superior Court (the "Los Angeles Court").  The December 4 Order dealt with the demurrers filed by the defendants in the breach of contract action commenced by PG&E and others captioned *PG&E et al. v. Arizona Elec. Power Cooperative, Inc. et al.*, Case No. BC 369141, Los Angeles County Superior Court (the "Los Angeles Action").  The December 4 Order states that "the breach of contract cause of action is proper under Bonneville Power Admin. v. FERC (9th Cir. 2005) 422 F.3d 908, and under the contracts themselves which state that they are subject of FERC's authority."  In addition, the December 6 Notice highlights the ruling that "by filing a claim in PG&E's bankruptcy, the defendant government sellers had waived their sovereign immunity."

The December 4 Order, however, has no relevance to Grant County, the claims between Grant County and PG&E or the Withdrawal Motion.  Under California law, a demurrer tests the sufficiency of the complaint.  In ruling on a demurrer, the court assumes the truth of well-pleaded allegations in the complaint. *E.g., McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1456, 1470 (2006). Accordingly, the December 4 Order reflects Judge Mortimer's determination that the breach of contract claims before him were *adequately pleaded* under California

LAI-2919486v1                                    -2-
**MOTION TO STRIKE**

1  pleading standards against the remaining defendants in that case. It does not reflect
2  any determination or prediction as to the actual truth of the allegations contained in
3  the complaint.

4  Long before Judge Mortimer ruled on the demurrers, however, Grant already
5  had been dismissed from the case for lack of personal jurisdiction. A copy of the
6  September 27, 2007 notice of the order dismissing Grant County from the Los
7  Angeles Action (the "Dismissal Order"), which was presented to the Court at the
8  October 12 Hearing, is attached to the Declaration of Peter G. McAllen in support
9  of this Motion (the "McAllen Declaration") as <u>Exhibit A</u>. Unlike the demurrer
10 ruling, Judge Mortimer's ruling dismissing Grant from the case was based on an
11 evidentiary record consisting of sworn declarations, deposition testimony, and
12 documents. Unlike the demurrer ruling, Judge Mortimer's ruling dismissing Grant
13 reflects his *findings* as to certain key facts. The Dismissal Order specifically states:
14 "It is not disputed that Grant did not expressly consent to the terms of the ISO
15 tariff. There are no facts to support the proposition that Grant impliedly consented
16 to the forum selection clause." In other words, Judge Mortimer in the Los Angeles
17 Action expressly found that Grant County did not consent to the ISO tariff, nor was
18 bound by it contractually. Against the background of those factual findings
19 regarding Grant, based on a fully developed evidentiary record, Judge Mortimer's
20 subsequent determination on demurrer that the complaint before him *adequately*
21 *pleaded* breach of contract claims against other parties, has no possible relevance to
22 any issue now before this Court.

23 As noted, the December 6 Notice also highlights a different aspect of Judge
24 Mortimer's ruling: his conclusion that "by filing a claim in PG&E's bankruptcy,
25 the defendant government sellers had waived their sovereign immunity." There is

*no* issue of sovereign immunity before this Court, so this aspect of Judge Mortimer's ruling is also irrelevant.[1]

In sum, nothing in the December 4 Order has any relevance to any issue before this court or the Withdrawal Motion. Accordingly, the December 6 Notice should be stricken.

## IV.  REQUEST TO STRIKE THE DECEMBER 6 NOTICE

By this Motion, Grant County seeks an order from the Court striking the December 6 Notice as immaterial and impertinent pursuant to Federal Rule 12(f). At best, the December 6 Notice is simply immaterial and impertinent and would

---

[1] Interestingly, the argument that led to this ruling belies PG&E's assertion that only FERC has jurisdiction to determine the issues that are raised by Grant's proof of claim. Specifically, the plaintiffs, including PG&E, argued as follows:

> As against PG&E, there is yet another reason why Defendants' assertion of sovereign immunity is flawed: by filing claims against PG&E in its bankruptcy, Defendants have waived their sovereign immunity defenses. 11 U.S.C. § 106(b); *Ocean Servs. Corp. v. Ventura Port Dist.,* 15 Cal. App. 4th 1762, 1779 (1993). Under the bankruptcy code, any government entity that files a proof of claim in bankruptcy waives sovereign immunity as to any claims the bankrupt entity has against it to the extent the parties' claims against each other arise out of the same transaction or occurrence. *Id*. Here, each Defendant filed proofs of claim in the PG&E bankruptcy concerning PG&E's failure to pay for purchases of electric energy. *See* Compendium of Defendants' Proofs of Claim filed in the PG&E Bankruptcy (RJN Exh. 25). *In this case* [i.e., in the Los Angeles Superior Court Action], PG&E, with the other IOUs, seeks refunds for these same transactions. Accordingly, Defendants have waived any sovereign immunity defense they may have had as to PG&E's claims against them for refunds.

Plaintiffs' Memorandum in Opposition to Defendants' Demurrers, Volume 2 of 2, at 94, note 79 (emphasis added). (Excerpt attached to the McAllen Declaration as <u>Exhibit B</u>.)

have the effect of confusing the Court and other parties as to the relevance of the December 4 Order to the outcome of the Withdrawal Motion. At worst, the December 6 Notice could be highly prejudicial and mislead the Court into thinking that the December 4 Order somehow reflects on FERC's purported authority to liquidate the proof of claim filed by Grant County in PG&E's chapter 11 bankruptcy case (the "Grant Bankruptcy Claim").

As discussed extensively in the briefs filed by the parties in support of and in opposition to the Withdrawal Motion, one of the major issues at stake in this proceeding is the import of the Ninth Circuit's decision in *Bonneville Power Admin v. Fed. Energy Regulatory Comm'n*, 422 F.3d 908 (9th Cir. 2005). Grant County has argued that the *Bonneville* decision divests FERC of any price mitigation authority with respect to Grant County as a government entity, and thus the Grant Bankruptcy Claim should be liquidated in the action filed by Grant County in the United States District Court for the Eastern District of Washington. PG&E, on the other hand, has argued that Grant County has contractually agreed to be bound by ISO tariffs and the FERC rates set forth in those tariffs. As a result, PG&E asserts that the Grant Bankruptcy Claim can be resolved in the Los Angeles Action, where PG&E's breach of contract action against certain government entities is pending.

By filing the December 6 Notice, PG&E seems to be implying that the issues involving the Grant Bankruptcy Claim could be resolved in the Los Angeles Action because the Los Angeles Court has recognized in the December 4 Order the viability of a breach of contract action under *Bonneville* and that the contracts between PG&E and the defendants remaining in that case subject those parties to FERC jurisdiction.

Regardless of the correctness of the December 4 Order with respect to the other defendants, however, one thing that is clear is that the December 4 Order has no bearing on Grant County and the liquidation of the Grant Bankruptcy Claim. As described above, the Los Angeles Court dismissed Grant County from the Los

Angeles Action because it found that Grant County did not consent to the terms of the ISO tariff, was not contractually bound by its terms, and is not subject to personal jurisdiction in that court. Thus, the issues regarding the Grant Bankruptcy Claim will not be resolved in the Los Angeles Action.

Accordingly, for PG&E to file the December 6 Notice, with the assertion that the December 4 Order is relevant to this Court's determination on the Withdrawal Motion, is not only immaterial and impertinent, but misleading and inappropriate. Thus, the December 6 Notice should be stricken from the record pursuant to Federal Rule 12(f).

Dated: December 20, 2007                    Respectfully submitted,


                                            By: /s/ Peter G. McAllen
                                                Peter G. McAllen, CA SB#107416

                                            Attorneys for Plaintiff
                                            PUBLIC UTILITY DISTRICT NO. 2
                                            OF GRANT COUNTY
                                            WASHINGTON